UNITED STATES of America

v.

Gilbert FRAZIER, Appellant.

UNITED STATES of America

v.

Aaron SINGLETON, Appellant.

UNITED STATES of America

v.

Dionne PETTUS, Appellant.

Nos. 92–3177, 92–3178 and 92–3196.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6),
Sept. 24, 1992.

Decided Nov. 23, 1992.

Michael A. Karaffa, Plunkett & Cooney, P.C., Pittsburgh, Pa., for appellant, Gilbert Frazier.

Carl Max Janavitz, Pittsburgh, Pa., for appellant, Aaron Singleton.

Stanton D. Levenson, Pittsburgh, Pa., for appellant, Dionne Pettus.

Thomas W. Corbett, Jr., U.S. Atty., Bonnie R. Schlueter, Asst. U.S. Atty. and Paul J. Brysh, Atty., Office of the U.S. Atty., Pittsburgh, Pa., for appellee.

Before: HUTCHINSON and ALITO, Circuit Judges and FULLAM, District Judge *.

## OPINION OF THE COURT

### PER CURIAM:

Gilbert Frazier, Aaron Singleton, and Dionne Pettus were named as defendants in a seven-count federal indictment charging drug offenses, and all three defendants eventually entered guilty pleas pursuant to plea agreements. Frazier and Singleton pled guilty to a charge of conspiracy to distribute and to possess with intent to distribute in excess of 50 grams of cocaine base, in violation of 21 U.S.C. § 846. Dionne Pettus pled guilty to distribution of and possession with intent to distribute in excess of 5 grams of cocaine base, in violation of 21 U.S.C. § 841.

The federal drug statutes (*see* 21 U.S.C. §§ 841(b)(1), 846) and the provisions of the Sentencing Guidelines (*see* U.S.S.G. § 2D1.1) that apply to the defendants in this case treat cocaine base offenses much more severely than offenses involving an equal weight of some other form of co-

---

* Hon. John P. Fullam, Senior United States District Judge for the Eastern District of Pennsylva-nia, sitting by designation.

caine.[1] Indeed, under these provisions an offense involving a given amount of cocaine base is treated like a comparable offense involving 100 times as much cocaine.[2] As a result of this penalty scheme, the defendants in this case received much more severe sentences than they would have received if their offenses had involved some other form of cocaine. For Frazier, for example, the range of imprisonment prescribed by statute was ten years to life (21 U.S.C. §§ 841(b)(1)(A)(iii), 846), and the range of imprisonment authorized by the Guidelines was 97 to 121 months.[3] He received a sentence of 120 months. Had his offense involved the same quantity of cocaine, the range of imprisonment prescribed by statute would have been any sentence of not more than 20 years (21 U.S.C. §§ 841(b)(1)(C), 846), and the sentencing range authorized by the Guidelines would have been 21 to 27 months.[4]

Frazier, Singleton, and Pettus appeal their sentences and attack the constitutionality of the provisions of the statutes and Sentencing Guidelines that treat offenses involving cocaine base much more harshly than offenses involving the same weight of cocaine. They make three separate constitutional arguments. First, they contend that the term "cocaine base" is not given a specific technical definition in either the statutes or the Guidelines and is consequently so vague as to render its enforcement a violation of due process. Second, they maintain that the penalty scheme for cocaine base and cocaine offenses violates equal protection because cocaine base offenders are predominantly black while ordinary cocaine offenders are predominantly white. Third, they argue that the penalty scheme for cocaine base and cocaine offenses violates the Eighth Amendment prohibition of cruel and unusual punishment because the difference in the penalties for cocaine base and cocaine offenses is disproportionate to the relative gravity of those offenses. The vagueness argument has recently been rejected by this court. The other two constitutional attacks have been rejected by numerous other courts, and we now reject them as well. We also reject the additional sentencing arguments advanced by Singleton and Pettus.

*Vagueness*

After the briefs in this case were submitted, this court joined the unanimous judgment of at least nine other circuits [5] in holding that the distinction made in the federal statutes and Sentencing Guidelines between "cocaine base" and "cocaine" is sufficiently precise not to be constitutionally void for vagueness. *United States v. Jones*, 979 F.2d 317 (3d Cir.1992). While we are told that there is a circuit split as to the proper technical and chemical standard

---

1. This sentencing scheme applies to defendants convicted of the offenses set out in 21 U.S.C. § 841(a), including distribution or possession with intent to distribute controlled substances. It also applies to defendants convicted of attempting or conspiring to commit those offenses under § 21 U.S.C. § 846. This scheme does not apply to defendants convicted of simple possession of less than 5 grams of cocaine base. U.S.S.G. § 2D2.1. Since the present case does not involve simple possession, we do not address the different sentencing scheme applicable to that offense.

2. For convenience, we will use the term "cocaine" to refer to all of the substances listed in 21 U.S.C. §§ 841(b)(1)(A)(ii) and (B)(ii).

3. Since Frazier's offense involved more than 50, but less than 150, grams of cocaine base, the base offense level under the Drug Quantity Table in U.S.S.G. § 2D1.1 was 32. Frazier received a two-level downward adjustment and was placed in Criminal History Category I.

4. The base offense level for 124.319 grams of cocaine is 18.

5. *United States v. Jackson*, 968 F.2d 158 (2d Cir.1992), petition for cert. filed Sept. 14, 1992; *United States v. Thomas*, 932 F.2d 1085 (5th Cir.1991), *cert. denied* — U.S. ——, ——, ——, 112 S.Ct. 264, 428, 887, 116 L.Ed.2d 217, 447, 791 (1992); *United States v. Turner*, 928 F.2d 956 (10th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991); *United States v. Avant*, 907 F.2d 623 (6th Cir.1990); *United States v. Van Hawkins*, 899 F.2d 852 (9th Cir. 1990); *United States v. Reed*, 897 F.2d 351 (8th Cir.1990); *United States v. Barnes*, 890 F.2d 545 (1st Cir.1989), *cert. denied* 494 U.S. 1019, 110 S.Ct. 1326, 108 L.Ed.2d 501 (1990); *United States v. Williams*, 876 F.2d 1521 (11th Cir. 1989); *United States v. Brown*, 859 F.2d 974 (D.C.Cir.1988).

to be employed in defining the line between cocaine base and cocaine, the defendants do not claim that the substance involved in their offenses was not cocaine base under any of the definitions in use.

*Equal Protection*

Defendants, all of whom are black, argue that the sentencing scheme's 100–to–1 ratio between cocaine and cocaine base is racially discriminatory. They claim that a very high percentage of defendants convicted for cocaine base offenses are black, while defendants convicted for cocaine offenses are more likely to be white. We will assume for purposes of this case that these racial disparities exist, but we do not think they are sufficient to establish an equal protection violation.

■ The statutes and guidelines do not on their face classify defendants by their race. Of course, the government may not use a facially non-racial characteristic that strongly correlates with race for cultural or socioeconomic reasons as a sham disguising invidious racial classification. This is the rule of *Yick Wo v. Hopkins*, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886). The defendants, however, have given us absolutely no reason to believe that this is a case in which the rule of *Yick Wo* applies. We join several other courts in agreeing that there is no evidence whatsoever that suggests that the distinction drawn between cocaine base and cocaine was motivated by any racial animus or discriminatory intent on the part of either Congress or the Sentencing Commission. *See, e.g. United States v. Simmons*, 964 F.2d 763 (8th Cir.1992); *United States v. Galloway*, 951 F.2d 64 (5th Cir.1992). Absent a racially discriminatory purpose, explicit or inferable, on the part of the law maker or law enforcer, the statutory distinction is subject only to rational basis review. *See, e.g. Personnel Administrator v. Feeney*, 442

U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979); *Washington v. Davis*, 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). Even conscious awareness on the part of the legislature that the law will have a racially disparate impact does not invalidate an otherwise valid law, so long as that awareness played no causal role in the passage of the statute. *Feeney*, 442 U.S. at 279, 99 S.Ct. at 2296.[6]

■ This court, along with every other federal court of appeals to rule on the issue, has held that the distinction between cocaine base and cocaine in the federal sentencing scheme is constitutional under rational basis equal protection review. *United States v. Jones, supra. But see State v. Russell*, 477 N.W.2d 886 (Minn. 1991) (applying state constitutional provision).

*Eighth Amendment Proportionality*

The defendants claim that the 100–to–1 weight ratio between cocaine base offenses and cocaine offenses is so disproportionate as to be cruel and unusual punishment in violation of the Eighth Amendment, as that amendment was construed in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). That construction of the Amendment has been attacked in a more recent Supreme Court case. *Harmelin v. Michigan*, —— U.S. ——, ——, 111 S.Ct. 2680, 2686, 115 L.Ed.2d 836 (1991) (plurality opinion) ("We conclude … that *Solem* was simply wrong; the Eighth Amendment contains no proportionality guarantee."); *but see ibid.*, —— U.S. at ——, 111 S.Ct. at 2702 (Kennedy, J., concurring) ("*stare decisis* counsels our adherence to the narrow proportionality principle that has existed in our Eighth Amendment jurisprudence for 80 years"). In any event, we

---

**6.** In *Feeney*, 442 U.S. at 275, 99 S.Ct. at 2294, the Supreme Court stated: "If the impact of this statute could not be plausibly explained on a neutral ground, [disparate] impact itself would signal that the real classification made by the law was in fact not neutral." This means in practice that, absent evidence of discriminatory intent, the distinction drawn—in this case be-

tween cocaine base and other cocaine—must survive rational basis review. Moreover, we note that the racial breakdown of defendants varies widely for many other federal offenses. *See* United States Sentencing Commission, Annual Report 1991 at Table 16, Race of Defendant by Primary Offense Category.

do not think that the defendants' sentences are unconstitutional under *Solem.*[7]

The defendants argue that the inherent gravity of their offenses, which involved 124.319 grams of cocaine base, is so much less than the inherent gravity of parallel offenses involving 12.432 kilograms of cocaine that identical punishment is unconstitutional. We disagree, as has every court which has addressed a similar claim. *United States v. Avant,* 907 F.2d 623 (6th Cir.1990); *United States v. Buckner,* 894 F.2d 975 (8th Cir.1990); *United States v. Cyrus,* 890 F.2d 1245 (D.C.Cir.1989). There are reasonable grounds for imposing a greater punishment for offenses involving a particular weight of cocaine base than for comparable offenses involving the same weight of cocaine. These grounds include differences in the purity of the drugs, the dose size, the method of use, the effect on the user, and the collateral social effects of the traffic in the drug.[8] Whether the ratio best reflecting these genuine differences should be calibrated at 5–to–1, 20–to–1, or 100–to–1 is a discretionary legislative judgment for Congress and the Sentencing Commission to make. We hold that Congress and the Commission have not stepped beyond the bounds of the Constitution in selecting the 100–to–1 ratio.[9]

*Enhancement For Reckless Endangerment*

In sentencing Singleton, the district court increased his base offense level by two points under U.S.S.G. § 3C1.1, which mandates such an increase "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another

person in the course of fleeing from a law enforcement officer." According to the presentence report, which Singleton does not dispute, after DEA agents attempted to arrest him, he led the agents on a "high-speed" chase, "swerved around DEA cars which were attempting to block him," and struck one of the DEA cars while an agent was inside it. Singleton's argument, apparently, is that this is insufficient evidence of "reckless[ ] creat[ion] of a substantial risk ... of serious bodily injury to another person" because the presentence report does not give miles-per-hour figures or enumerate particular Pennsylvania traffic ordinances Singleton violated as he fled from, swerved around, and sideswiped the DEA agents' cars. We disagree with his argument, and we find that the presentence report provides an adequate factual basis for the district court's decision to increase Singleton's base offense level by two.

*Refusal To Grant Downward Departure*

Pettus requested a downward departure for two reasons. First, he argued that his classification under the Guidelines as a career offender significantly overrepresented the seriousness of his criminal history. Second, he argued that a downward departure was appropriate because "youthful lack of guidance" had been responsible for his turn to crime. Downward departure is a discretionary matter for the district court. When the district court denies a request for downward departure on its merits, we are without jurisdiction to review its decision. *United States v. Georgiadis,* 933 F.2d 1219 (3d Cir.1991). However, when the district court refuses to consider the merits of a request because it

---

7. The factors involved in analyzing the disproportionality claim are extremely similar to those involved in the rational basis equal protection claim rejected in *Jones.* There remains a distinction, however. The equal protection claim involves the justification for any differential treatment at all of cocaine base and cocaine. The Eighth Amendment claim involves the justification for the degree of that differential.

8. These are dissimilarities in the average case. We do not dispute the claim that circumstances exist under which a particular gram of powder cocaine could be just as bad as some other

particular gram of cocaine base, e.g., if the powder were put into solution and injected, rather than ingested nasally. However, Congress is entitled to legislate for the general run of cases rather than the extremes.

9. It bears repetition that the 100–to–1 ratio in the treatment of drug weight does not lead to a literal 100–to–1 ratio in punishment. In the case of Frazier, as discussed above, he would have received a sentence of between 21 and 27 months for a parallel cocaine offense, rather than the 120 months he did receive. This is approximately a 5–to–1 ratio.

concludes that the suggested basis for the downward departure cannot justify a departure as a matter of law, we do have jurisdiction to review that legal conclusion. Pettus argues that the latter circumstance occurred in his case. Our review of the record, however, convinces us that the district court considered both of Pettus' suggested justifications for a downward departure on their merits and rejected them on their merits. We are therefore without jurisdiction to review the district court's refusal to grant a downward departure.

*Conclusion*

Because we lack jurisdiction to engage in appellate review of the district court's discretionary refusal to grant Pettus a downward departure from the sentencing range prescribed by the Guidelines, we dismiss his appeal in part. In all other respects, we affirm the judgments against the three defendants.