66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William C. FRAISER, Defendant-Appellant.
 No. 94-30287.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 1, 1995.
Decided Sept. 7, 1995.
 
 Before: WRIGHT, BOOCHEVER and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William C. Fraiser, a Black man, appeals his sentence imposed under the Sentencing Guidelines following his conviction by guilty plea to possession of 49.5 grams of crack cocaine. He argues the 100-to-1 crack/powder cocaine sentencing ratio created by 21 U.S.C. Sec. 841(b) and implemented by USSG Sec. 2D1.1 violates equal protection because it was enacted with the discriminatory intent of punishing Black drug offenders, who are more likely to possess crack, more severely than White drug offenders, who are more likely to possess powder cocaine. He also argues the sentencing distinction violates equal protection as applied because it is selectively enforced against African-Americans. He also contends the crack/powder cocaine sentencing ratio is arbitrary and capricious, and, therefore, violates the Eighth Amendment's ban on cruel and unusual punishment. We have jurisdiction under 12 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 Fraiser's equal protection argument is foreclosed by our decision in United States v. Dumas, No. 94-30313, slip op. at ____ (9th Cir. Sept. ____, 1995). The defendant in Dumas offered the same evidence in support of his equal protection challenge to 21 U.S.C. Sec. 841(b) and USSG Sec. 2D1.1. We held the evidence did not support either the conclusion that Congress enacted the crack/powder cocaine distinction for discriminatory reasons, or that in the Eastern District of Washington prosecutorial decisions to invoke the crack cocaine laws are made on the basis of race. Id. at ----.
 
 
 4
 Fraiser's Eighth Amendment argument is also meritless. We have previously held that Congress' decision to punish offenses involving crack cocaine more severely than offenses involving powder cocaine was rational. United States v. Harding, 971 F.2d 410 (9th Cir.1992), cert. denied, 113 S.Ct. 1025 (1993). There are reasonable grounds for distinguishing between the two forms of the drug for purposes of sentencing, including differences in marketability and availability, methods of use, and physiological and psychological effects on the user. Id. at 413-14. The punishment ratio which best reflects these differences is a discretionary legislative judgment for Congress, not the courts. United States v. Frazier, 981 F.2d 92, 96 (3d Cir.1992), cert. denied, 113 S.Ct. 1661, and cert. denied sub nom. Pettus v. United States, 113 S.Ct. 1662 (1993). See also United States v. Jackson, 59 F.3d 1421, 1424 (2d Cir.1995) (fact that crack/powder cocaine distinction is rational means it is not arbitrary and capricious under the Eighth Amendment).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3