

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2007

# USA v. Roberts

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2949

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Roberts" (2007). *2007 Decisions.* Paper 218.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/218

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2949

UNITED STATES OF AMERICA,
APPELLEE,

v.

FRED ROBERTS,
APPELLANT

On Appeal from the United States District Court
For the Eastern District of Pennsylvania
(04-cr-00654)
District Judge:  Honorable Petrese Tucker

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 24, 2007

Before: McKEE, BARRY and FISHER, Circuit Judges

_____

OPINION

_____

MCKEE, Circuit Judge

       Fred Roberts appeals the sentence that was imposed following his conditional

guilty plea to three counts of an indictment charging him with illegal possession of a

firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), possession of crack

cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of marijuana in violation of 21 U.S.C. § 844(a). He argues that the district court erred in denying his motion to suppress and that the sentence that was subsequently imposed was unreasonable. For the reasons that follow, we will affirm.

Inasmuch as we write primarily for the parties who are familiar with this case, we need not set forth the procedural or factual background except insofar as may be helpful to our brief discussion. At the outset, we note that, although counsel for Roberts, Mr. Giovanni Campbell, does not mention it in his brief, Roberts agreed to waive his appellate rights as part of his plea arrangement with the government. Pursuant to the terms of that agreement, absent certain circumstances not at issue here, Roberts agreed not to appeal his sentence.[1]

## I.

We review the district court's factual findings pertaining to the motion to suppress for clear error, but our review of the application of legal principles to those facts is

---

[1] Although we realize that Roberts' constitutional challenge to the distinction between powder and crack cocaine is not precluded by the appellate waiver, we have already upheld the 100/1 ratio against constitutional challenge, S*ee United States v. Frazier*, 981 F.2d 92, 95-96 (3d Cir. 1992), and Roberts' challenge to the reasonableness of the sentence is foreclosed by ¶ 9b(3) of the plea agreement because the district court did not impose an upward departure or variance from the applicable Guideline range. *See* Supp. App. 5-6. Moreover, regardless of whether review of the issues before us is precluded by the appellate waiver, considerations of candor and professionalism should have counseled Mr. Campbell to at least note the waiver in his brief.

2

plenary. *United States v. Perez*, 280 F.3d. 318, 336 (3d Cir. 2002).

Roberts' challenge to the April 13, 2004, search is clearly without merit. The car he was riding in had tinted windows, and the police thought that violated the Pennsylvania Vehicle Code. *See* 75 Pa. C.S.A. § 4524 (e)(1). Having properly stopped the car for that traffic offense, considerations of safety allowed the officers to order all of the occupants to get out. *United States* v. *Bonner*, 363 F.3d 213, 216 (3d Cir. 2004). When ordered out of the car, Roberts became belligerent and started cursing at the officers. When he finally did get out of the car, he reached for his right jacket pocket. Accordingly, police could take reasonable steps to prevent him from retrieving any weapon he may have been carrying. *See Terry v. Ohio*, 392 U.S. 1, 21 (1968). Pursuant to *Terry*, the officers were also entitled to conduct a pat-down search, and that search revealed the gun. The district court's findings are supported by the record, and the court did not err in applying the law to those findings. Accordingly, the court properly denied Roberts' motion to suppress the evidence that was seized during that stop.

Although the testimony surrounding the seizure on May 1, 2004, is not as clear, the court's denial of Roberts' motion to suppress that evidence was also proper. As police approached a car that was blocking the highway, they recognized Roberts, who was inside of the car. They knew that a warrant had been issued for his arrest because

3

they were at the preliminary hearing when he failed to appear.[2]  Since the officers

believed that there was an outstanding arrest warrant, and since they knew he may be

armed because of their prior encounter with him, the officers were again entitled to order

him to get out of the car and then "pat him down" for their own safety.  *See Bonner*,

*supra*.  Although there is some dispute about exactly what happened, the record supports

the district court's conclusion that Roberts dropped a package of marijuana while getting

out of the car.   Since the drugs were dropped to the ground, they were abandoned and

could be seized by the officers.

Roberts argues that the marijuana was improperly seized from his pocket and that

the police therefore improperly escalated the scope of the *Terry* stop by reaching into his

pocket and seizing the drugs.  However, even assuming *arguendo* that is what occurred,

the seizure would still be proper.   The police could have arrested Roberts based upon

their reasonable belief that there was an outstanding warrant for his arrest.  That would

have allowed them to search the area within his immediate reach pursuant to that arrest.

Accordingly, a search incident to arrest would have allowed them to conduct a more

thorough search to make sure that he was not armed.  *See Chimel v. California*, 395 U.S.

752 (1969).   It is inconceivable that police would not have found the marijuana during

_____

[2]  Although Roberts apparently did arrive after the officers left and was given a
new hearing date, the officers did not know that and that fact therefore does not
undermine their probable cause to believe that there was an outstanding warrant for his
arrest when they approached him on May 1.

the course of such a search.  Accordingly, the district court did not err in rejecting Roberts' attempt to suppress the evidence obtained on May 1, 2004.

## II.

Roberts' attempt to challenge the reasonableness of his sentence merits little discussion.  As noted above, we have already rejected his constitutional challenge to the distinction between powder cocaine and crack in the Guidelines.  His attempt to challenge the reasonableness of a sentence that was not the result of any variance or departure falls squarely within the scope of the appellate waiver which Mr. Campbell neglected to inform us of.  Roberts does not challenge the validity of his guilty plea, and we can therefore dismiss his attempt to argue that his sentence was unreasonable without discussion. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) ("[W]e [do] not exercise [our] jurisdiction. . . if we conclude that [a defendant] knowingly and voluntarily waived [his/her] right to appeal unless the result would work a miscarriage of justice.").

## III.

For the reasons set forth above, we will affirm the judgment of sentence entered on May 31, 2006.