

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2008

# USA v. Shields

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1917

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Shields" (2008). *2008 Decisions.* Paper 1037.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1037

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-1917

———

UNITED STATES OF AMERICA

v.

TERRELL SHIELDS,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 06-cr-00351-02)
District Judge: Honorable John R. Padova

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2008

Before: FISHER, JORDAN, and VAN ANTWERPEN, <u>Circuit Judges</u>.

(Filed: June 9, 2008)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, *Circuit Judge*.

    Appellant Terrell Shields pled guilty to one count of conspiracy to possess with the

intent to distribute fifty or more grams of cocaine base ("crack"), in violation of 21

U.S.C. § 846, and one count of distribution of fifty or more grams of crack, in violation of 21 U.S.C. § 841(a)(1). On March 19, 2007, Shields was sentenced to 120 months in prison and a term of five years of supervised release. The sentence Shields received was the statutory mandatory minimum sentence prescribed for the conduct to which he pled guilty. On March 28, 2007, Shields filed a timely notice of appeal. On appeal, Shields argues that sentencing him to a mandatory minimum sentence of 120 months, which is based on the 100:1 crack-to-powder ratio in the Sentencing Guidelines, violated his rights under the Constitution.[1]

The District Court had jurisdiction over this matter under 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We have consistently held that neither the mandatory minimum sentences for crack offenses, which are set forth in 21 U.S.C. § 841(b), nor the 100:1 crack-to-powder ratio violates the Eighth Amendment's prohibition on cruel and unusual punishments. *See United States v. Frazier*, 981 F.2d 92, 96 (3d Cir. 1992) (per curiam). We have also held that the mandatory minimum sentences and the 100:1 ratio do not violate a defendant's right to due process. *See United States v. Alton*, 60 F.3d 1065, 1068-70 (3d Cir. 1995) (holding that a rational basis existed for the sentencing scheme relating to crack and

---

[1]Shields suggests that the mandatory minimum sentence, because it is based on the 100:1 ratio, violates his rights to due process and freedom from cruel, unusual, and disproportionate punishments. *See* Appellant's Br. at 5. Shields also suggests that his sentence is "fundamentally unfair" because it is based on the 100:1 crack-to-powder ratio. *Id*.

powder cocaine).  Our holdings that neither the mandatory minimum sentence nor the 100:1 ratio violates the Fifth or Eighth Amendments are consistent with the positions adopted by our sister circuits.  *See Alton*, 60 F.3d at 1069 n.7; *see also United States v. Garcia-Carrasquillo*, 483 F.3d 124, 134 (1st Cir. 2007) (noting that "every other circuit has rejected the argument that the sentencing disparity between crack and powder cocaine constitutes cruel and unusual punishment" and citing cases from every circuit).[2]

Given this Court's precedent and the consistent position taken by our sister circuits on these issues, we hold that sentencing Shields to the mandatory minimum term of imprisonment based on his possession and sale of over fifty grams of crack did not constitute a violation of his right to due process or his right to be free from cruel and unusual punishment.[3]  We further hold that Shields' sentence is not so fundamentally unfair as to warrant reversal.[4]

---

[2]We recently affirmed that the mandatory minimum sentencing scheme and the 100:1 ratio remain viable and a component of the sentencing calculation even after the Supreme Court's decision in *United States v. Booker*.  *See United States v. Ricks*, 494 F.3d 394, 400-02 (3d Cir. 2007); *United States v. Gunter*, 462 F.3d 237, 248 (3d Cir. 2006).

[3]To the extent that Shields also challenges the denial of his pre-sentencing motion to disregard the mandatory minimum, we hold that the District Court did not err in denying the motion.

[4]As we said in *Ricks*: "There is little disagreement that the 100-to-1 ratio overrepresents the relative harm of crack as compared to powder cocaine.  Nevertheless, it is the role of Congress, and not the courts, to determine what crimes are worse than others."  *See Ricks*, 494 F.3d at 400.  Because Congress had a rational basis for creating the scheme it did, the issue of whether punishing crack crimes more harshly than powder cocaine crimes is "unfair" is for Congress to address.  *See Alton*, 60 F.3d at 1069-70;

3

We have considered all other arguments made by the parties on appeal, and we conclude that no further discussion is necessary. For the foregoing reasons, we will affirm the District Court's sentence.

*Frazier*, 981 F.2d at 95.