

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2008

# USA v. Sanchez-Leocadio

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2421

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Sanchez-Leocadio" (2008). *2008 Decisions.* Paper 272.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/272

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 07-2421

_____

UNITED STATES OF AMERICA

v.

ARCIDES SANCHEZ-LEOCADIO
a/k/a PRIMO

Arcides Sanchez-Leocadio
Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 05-cr-00547)
District Judge:  Hon. Anita B. Brody

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 31, 2008

BEFORE:  SLOVITER, STAPLETON, and TASHIMA,*
Circuit Judges

(Opinion Filed November 4, 2008)

_____

*Hon. A. Wallace Tashima, Senior United States Circuit Judge for the Ninth
Circuit, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Appellant Arcides Sanchez-Leocadio argues that the District Court erred when it denied his request for a downward departure based on the disparity between the crack and powder cocaine sentencing Guidelines or, alternatively, that this Court should remand for resentencing in light of the subsequent revisions to the relevant Guidelines. For the reasons stated below, we will affirm the sentence imposed by the District Court.

## I.

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis.

At sentencing, Sanchez-Leocadio accepted the presentence report calculation of the Guideline range: 87-108 months. He sought a downward departure, however, based on the oft-cited 100:1 disparity between the crack and powder cocaine sentencing regimes. The District Court explained that it was "certainly considering that disparity." Ultimately, however, the District Court refused to reject that disparity and depart from the resulting advisory range because it found no "rationale [for doing so] in this particular case." (App. at 31-32.) Instead, it sentenced Sanchez-Leocadio to the minimum sentence recommended by the Guidelines: 87 months of incarceration.

2

**II.**[1]

Sanchez-Leocadio is right insofar as he argues that the District Court could have considered the 100:1 ratio in formulating the sentence, and that it would be reversible error had it imposed the sentence while laboring under a mistaken belief to the contrary. *E.g.*, *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). However, Sanchez-Leocadio is wrong insofar as he argues that the instant record demonstrates that the District Court was laboring under such a mistaken belief; the District Court clearly and repeatedly acknowledged that it could deviate from the Guidelines range based on the disparity – it just chose not to do so. This was entirely permissible.

Alternatively, Sanchez-Leocadio insists that he should be resentenced pursuant to the revised U.S.S.G. § 2D1.1, which went into effect on November 1, 2007. *See* U.S.S.G. § 2D1.1 (Nov. 1, 2007). The rub here is that because Sanchez-Leocadio was sentenced on May 4, 2007, nearly seven months before the revision became effective, his demand must be directed to the District Court in the first instance via a motion pursuant to 18 U.S.C. § 3582(c)(2) – not to this Court on direct appeal. *See United States v. Wise*, 515 F.3d 207, 221 (3d Cir. 2008).

Finally, Sanchez-Leocadio argues that the disparity between the crack and powder

---

[1]We have jurisdiction over sentencing appeals pursuant to 18 U.S.C. § 3742(a), and review the ultimate sentence imposed by the District Court for reasonableness. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006). We review the District Court's legal conclusions without deference and its factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc); *United States v. Lloyd*, 469 F.3d 319, 321 (3d Cir. 2006).

cocaine sentencing ranges violates his constitutional rights. However, because there is a rational basis for this disparity, and the disparity does not violate the Eighth Amendment prohibition on cruel and unusual punishment, this claim fails. *Chapman v. United States*, 500 U.S. 453, 464-65 (1991); *United States v. Frazier*, 981 F.2d 92, 96 (3d Cir. 1992).

## III.

The judgment of the District Court will be affirmed.