

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# USA v. Jose Brito

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1527

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Jose Brito" (2009). *2009 Decisions.* Paper 1134.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1134

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1527
_____

UNITED STATES OF AMERICA

v.

JOSE BRITO,

Appellant.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cr-00635)
District Judge: Honorable Ronald L. Buckwalter

_____

Submitted Under Third Circuit LAR 34.1(a)
June 12, 2009

Before: McKEE, HARDIMAN and VAN ANTWERPEN, *Circuit Judges*.

(Filed: June 25, 2009)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

José Brito appeals his sentence for the third time. We will affirm.

I.

Because we write exclusively for the parties, we recount only those facts necessary to our disposition.

Brito pleaded guilty to ten counts arising from his involvement in illegal drug trafficking activity. On October 24, 2003, the District Court sentenced Brito to 235 months imprisonment, which was at the bottom of the 235 to 293 months Guidelines range. On March 25, 2005, we remanded Brito's case for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). Although Brito's Guidelines imprisonment range remained 235 to 293 months, the District Court granted Brito a substantial downward variance to 140 months based on its finding that the 100-to-1 crack/powder cocaine disparity was too harsh. Brito and the Government appealed that sentence.

On August 17, 2007, we vacated the 140-month sentence and remanded the case for resentencing because the District Court erred under then-prevailing precedent in categorically rejecting the 100-to-1 crack/powder disparity. Upon remand, Brito sought the statutory mandatory minimum of 120 months imprisonment in light of the District Court's previous variance, the inherent unfairness of the crack/powder disparity, and his good conduct while in jail. The Government argued for a sentence falling within the Guidelines range.

2

In November 2007, prior to Brito's resentencing hearing, the Sentencing Commission issued Amendment 706, which lowered the base offense level for most crack offenses by two levels and resulted in a new Guidelines range of 188 to 235 months in Brito's case. A month later, the Supreme Court issued *Kimbrough v. United States*, 128 S. Ct. 558 (2007), which held that a district court may consider the Guidelines' crack/powder disparity in determining an appropriate sentence.

At the resentencing on February 13, 2008, the District Court explained that its previous sentence was not the result of a categorical rejection of the crack/powder disparity, but rather, the result of careful consideration of the § 3553(a) sentencing factors as required by *Booker*. The District Court exercised its discretion under *Kimbrough* and reinstated the 140-month sentence, finding that the sentence it had previously imposed remained just and proper under *Booker* and *Kimbrough*.

II.

Brito argues that the District Court abused its discretion by imposing the same sentence it had imposed prior to *Kimbrough* and Amendment 706. After applying the two-level reduction as required by Amendment 706, Brito claims the District Court should have reduced his sentence from 140 months to the statutory mandatory minimum of 120 months.

We review the District Court's sentence under the deferential abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). Our review of the record

3

demonstrates that the District Court took pains to explain that its initial 140-month sentence — a sentence that falls below the Guidelines range — was reasonable and appropriate in light of the § 3553(a) factors, *Kimbrough* and Amendment 706. In resentencing Brito to 140 months imprisonment, the District Court weighed Brito's personal characteristics, including his age and lack of a prior criminal record, as well as the serious nature of the offense. The District Court then considered the sentencing disparities between crack and powder cocaine, and acknowledged the two-level reduction in the Guidelines calculation pursuant to Amendment 706. Accordingly, we hold that the District Court did not abuse its discretion in imposing the same 140-month sentence.

## III.

Brito next argues that the crack cocaine mandatory minimum sentence and Guidelines range deprive him of due process under the Fifth Amendment. We review this argument for plain error because it was not raised previously. *United States v. Olano*, 507 U.S. 725, 734-45 (1993).

This Court has consistently found that there is a rational basis for the crack/powder disparity, and that it does not violate substantive rights. *See, e.g.*, *United States v. Frazier*, 981 F.2d 92, 96 (3d Cir. 1992). Since this was the case before *Booker* and *Kimbrough*, it is ever more so now that district courts may take into account the disparity in calculating a sentence, and grant a variance where appropriate. Accordingly, we

summarily reject Brito's Fifth Amendment challenge and will affirm the judgment of the District Court.