OPINION
PER CURIAM.
Rodney Crosby appeals from an order of the District Court reducing his sentence from 121 months to 120 months. For the reasons that follow, we will summarily affirm.
In December 2006, Crosby pleaded guilty to one count of possession with intent to distribute five or more grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and one count of possession with intent to distribute 50 or more grams of eocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). He was sentenced to concurrent 121-month terms.
In 2007, the United States Sentencing Commission amended the Sentencing Guidelines to retroactively reduce the base offense level of crack-cocaine offenses. See Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 569, 169 L.Ed.2d 481 (2007). Based on this amendment, Crosby filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). By order entered November 18, 2008, the District Court reduced Crosby’s sentence to 120 months, the minimum allowed under § 841(a)(1) and (b)(1)(A)(iii). Crosby filed a timely notice of appeal.[1] He argues, among other things, that the disparity in sentencing for crack and powder cocaine has a disproportionate impact on African American offenders and violates his equal protection rights.
District courts can account for the crack-powder disparity during sentencing. See Kimbrough, 128 S.Ct. at 575. However, that does not help Crosby. In his case, the crack-cocaine amendments only reduced the base offense level of his offense; the statutory range of his sentence remained 10 years to life in prison. Because “district courts are constrained by the mandatory mínimums,” id, at 574, we conclude that the District Court did not err in reducing Crosby’s sentence by one month. Cf. United States v. Mateo, 560 F.3d 152, 156 (3d Cir.2009) (finding that a career offender was not entitled to a § 3582(c)(2) reduction because the crack-cocaine amendment to the Guidelines did not lower the sentencing range for career offenders).
According to Crosby, equal-protection principles require the District Court to sentence him below the statutory minimum. His constitutional argument, however, lay outside of the scope of the § 3582(c)(2) proceedings, which are, by *118 their nature, focused solely on changes to a defendant’s Guidelines range. See United States v. McBride, 283 F.3d 612, 615-16 (3d Cir.2002); see also United States v. Bravo, 203 F.3d 778, 781-82 (11th Cir. 2000). In any event, binding precedent holds that the sentencing disparity for crack and powder cocaine does not offend the equal protection component of due process. United States v. Frazier, 981 F.2d 92, 95 (3d Cir.1992).
For the foregoing reasons, we conclude that this appeal presents no substantial question. Accordingly, we will affirm the judgment of the District Court.

. Although Crosby missed the 10-day deadline to file an appeal, the District Court granted Crosby’s motion for an extension of time to file a notice of appeal. See Fed. R.App. P. 4(b)(4). Thus, Crosby's appeal is timely and we have jurisdiction. 28 U.S.C. § 1291.