**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3617
_____

UNITED STATES OF AMERICA

v.

BRANDON LEE CHANDLER,

Appellant

_____

On Appeal From the United States District Court
for the Western District of Pennsylvania
(Criminal No. 08-179)
District Judge:  Honorable Gustave Diamond

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2010

Before: MCKEE, Chief Judge, AMBRO, and CHAGARES, <u>Circuit</u> <u>Judges</u>.

(Filed September 27, 2010)

_____

OPINION
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Brandon Chandler appeals the judgment of sentence entered against him by the

United States District Court for the Western District of Pennsylvania which imposed a

mandatory ten-year minimum sentence for conspiracy to possess with the intent to

distribute more than fifty grams of crack cocaine. For the reasons set forth below, we will affirm the judgment of the District Court.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. On June 12, 2003, during a routine traffic stop, police found nineteen-year-old Chandler in possession of crack cocaine and marijuana. Chandler subsequently entered a guilty plea and received one year of probation. In the same month, a confidential informant made one purchase of marijuana and three purchases of cocaine from Chandler. Following these transactions, Chandler was arrested and found to have in his possession $610 in cash, eight knotted baggie corners of marijuana and two baggie corners of crack cocaine. Chandler pled guilty and received a sentence of six to twelve months.

Over a year later, on November 5, 2005, a confidential informant purchased 3.94 grams of crack cocaine from Chandler. Three weeks later, the informant purchased another 6.44 grams of crack cocaine from Chandler. Based on these exchanges, the police were able to secure an arrest warrant for Chandler and his associate Brandon Singleton. On December 10, 2004, police went to the joint home of Chandler and Singleton, arrested both individuals without incident and obtained written consent to conduct a search of the residence. In Chandler's bedroom, police found: forty-seven grams of crack cocaine; one digital scale; one box of sandwich bags; one gun magazine

loaded with 9mm rounds; two Nextel cellular telephones; and various papers containing Chandler's name. In Singleton's bedroom, police found: a corner baggie of marijuana; a loaded 9mm pistol with ten live rounds; a knotted baggie containing 2.7 grams of crack cocaine; and a Nextel cellular phone.

On April 29, 2008, a grand jury indicted Chandler on four counts: (1) conspiracy to possess with intent to distribute fifty grams or more of crack cocaine from July 2004 to December 2004; (2) possession with intent to distribute less than five grams of crack cocaine on November 5, 2004; (3) possession with intent to distribute less than five grams of crack cocaine on November 24, 2004; and (4) possession with intent to distribute five grams or more of crack cocaine on December 10, 2004. Chandler entered an open plea to each count.

At sentencing, the District Court determined Chandler's offense level to be 27 placing him in the Guideline's Range of eighty-seven to 108 months of incarceration. Chandler, however, faced a mandatory minimum sentence of 120 months for count one and sixty months for counts three and four. The District Court sentenced Chandler to the mandatory minimum sentence of ten years for count one, with concurrent five-year sentences for count two, three, and four.

On September 3, 2009, Chandler filed a notice of appeal of his judgment of sentence.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We apply a plenary standard of review to issues of statutory interpretation, questions regarding a statute's constitutionality and alleged constitutional errors. See United States v. Randolph, 364 F.3d 118, 121 (3d Cir. 2004); United States v. Tyler, 281 F.3d 84, 94 (3d Cir. 2002).

III.

Chandler argues that the mandatory ten-year minimum sentence pursuant to 21 U.S.C. § 841, based on the 100-to-1 crack-to-powder cocaine ratio in the Sentencing Guidelines, discriminates against African Americans and violates equal protection, due process and the Eighth Amendment. Additionally, Chandler maintains that requiring the District Court to abide by mandatory minimum sentences conflicts with 18 U.S.C. § 3553(a) which instructs the court to impose a sentence "sufficient, but not greater than necessary."

We have consistently held, as Chandler concedes, that neither the mandatory minimum sentences for crack offenses pursuant to 21 U.S.C. § 841(b) nor the 100:1 crack-to-powder ratio violates the Eighth Amendment's prohibition on cruel and unusual punishments. See United States v. Frazier, 981 F.2d 92, 96 (3d Cir. 1992) (per curiam). Additionally, we have also held that the mandatory minimum sentences and the 100:1 ratio do not violate a defendant's right to due process and equal protection. See United

4

States v. Alton, 60 F.3d 1065, 1068-70 (3d Cir. 1995) (holding that there is a rational basis for differentiating between crack and cocaine); Frazier, 981 F.2d at 95 ("We join several other courts in agreeing that there is no evidence whatsoever that suggests that the distinction drawn between cocaine base and cocaine was motivated by any racial animus or discriminatory intent on the part of either Congress or the Sentencing Commission.").

The arguments presented by Chandler urging this Court to reconsider these holdings are unavailing. First, the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007), which held that courts can consider the disparity between the Guideline's treatment of crack and cocaine in determining a sentence, does not support the notion that the Guideline's ratio and the mandatory minimum sentence are unconstitutional. Further, the holding in Kimbrough does not relieve the sentencing court from following the statutory mandatory minimum sentences in such offenses. See, e.g., United States v. Doe, 564 F.3d 305, 314 (3d Cir. 2008) (noting post-Kimbrough that "[t]he Guidelines are no longer mandatory, but that does not render optional statutory directives"). Similarly, Congress's recent passing of a bill to reduce the crack-to-cocaine ratio and eliminate the minimum mandatory sentence is not determinative of the unconstitutionality of the 100:1 ratio and mandatory minimum sentence. Likewise, Chandler's claims that Congress's inaction in response to the alleged discriminatory impact warrants strict scrutiny, are equally unpersuasive. See Frazier, 981 F.2d at 95 ("Even conscious awareness on the part of the legislature that the law will have a racially

5

disparate impact does not invalidate on otherwise valid law, so long as that awareness played no casual role in the passage of the statute.").

Chandler also contends that the ten-year mandatory minimum sentence violates the proportionality principle of the Eighth Amendment because his sentence was grossly out of proportion as compared to (1) his co-perpetrator who only received a thirty-day sentence with probation in state court, (2) unknown drug dealers of cocaine, and (3) future drug dealers of crack cocaine who potentially could be sentenced under a revised statutory minimum. Despite these examples, Chandler has failed to meet the standard in Solem v. Helm, 463 U.S. 277, 290-292 (1983), and to overcome the "substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." See also Frazier, 981 F.2d at 95 (rejecting similar arguments about proportionality and finding that there are reasonable grounds for imposing greater punishment for crack offenses). Further, Chandler has failed to show how these defendants are similarly situated to him in terms of the extent of the crime, charges, prior history, and jurisdiction. See 18 U.S.C. § 3553(a)(6) ("The court, in determining the particular sentence to be imposed, shall consider the need to avoid the unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]").

Chandler finally argues that because the District Court was required to follow the mandatory ten-year minimum sentence, and the prosecution did not advocate for a higher

6

sentence, the District Court lacked any "real discretion" to administer a "sufficient, but not greater than necessary" sentence pursuant to 18 U.S.C. § 3553(a). As such, Chandler argues that the mandatory minimum sentence usurps the power of the judiciary and violates his constitutional rights. We have previously rejected these same arguments in challenges to mandatory minimum sentences and found no conflict between § 3553 and a mandatory minimum sentence provision. See United States v. Walker, 473 F.3d 71, 85 (3d Cir. 2007) (held that there was no conflict between § 3553 and a mandatory minimum sentence provision because "§ 3553(a) must be read in conjunction with § 3553(e), which prohibits the court from sentencing a defendant below the statutory mandatory minimum sentence unless the Government files a motion permitting such departure"); United States v. MacEwan, 445 F.3d 237, 251-52 (3d Cir. 2006) (rejecting the argument that mandatory minimum sentences violate the balance of power: "Congress has the power to define criminal punishments without giving the courts any sentencing discretion.").

Therefore, given this Court's clear precedent, we hold that Chandler's sentence of the mandatory ten-year minimum term of imprisonment based on his conspiracy to possess with the intent to distribute over fifty grams of crack cocaine did not violate the Constitution.

IV.

For these reasons, we will affirm the judgment of the sentence.

7