**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1454
_____

UNITED STATES OF AMERICA

v.

CALVIN MOORE,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-07-cr-00380-001)
District Judge: Hon. Nora B. Fischer
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2011

BEFORE: BARRY, AMBRO and COWEN , Circuit Judges

(Filed June 30, 2011)
_____

OPINION
_____

COWEN, Circuit Judge.

Calvin Moore appeals from the judgment of sentence entered against him by the

United States District Court for the Western District of Pennsylvania. For the following

reasons, we will affirm.

I.

On March 2, 2007, an informant working with federal officers purchased 13.7 grams of crack cocaine from Moore. Before charges were initiated in the federal case, however, he began serving a Pennsylvania sentence (on unrelated drug charges) of not less than one year, or more than two years, of imprisonment.[1] Shortly after he began serving his state sentence, a federal grand jury returned an indictment in connection with the March 2, 2007 transaction, charging him with one count of distribution of more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). At that time, Moore was removed from state prison by a writ of habeas corpus ad prosequendum and taken into federal custody. Moore remained in federal custody and pled guilty to the federal charge on May 8, 2009.

Moore's sentencing hearing took place on January 25, 2010. By this time, he had already completed the full two-year term of his state sentence while in federal detention. At the hearing, the District Court imposed the statutory minimum sentence for the offense, sixty months' imprisonment. See 21 U.S.C. § 841(b)(1)(B)(iii).[2] The District Court rejected Moore's argument that the imposition of a mandatory minimum sentence derived from the 100:1 crack-to-powder cocaine ratio was unconstitutional, and denied

[1] The state court ordered that Moore's term of imprisonment shall be followed by probation for eighteen months consecutive to parole.

[2] As discussed further below, 21 U.S.C. § 841(b)(1)(B)(iii) was amended pursuant to the Fair Sentencing Act to increase the amount of crack cocaine that triggers a mandatory

his request to vary from the statutory minimum sentence by finding that such a sentence was "greater than necessary" to serve the purposes of § 3553(a). The District Court also declined to adjust Moore's sentence on the ground that his placement in federal custody by way of the writ of habeas corpus ad prosequendum had unfairly lengthened his total jail time by interfering with his ability to participate in the state's early release programs. Moore now appeals from the judgment of sentence.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We apply a plenary standard of review to issues of statutory interpretation, questions regarding a statute's constitutionality, and alleged constitutional errors. See United States v. Randolph, 364 F.3d 118, 121 (3d Cir. 2004); United States v. Tyler, 281 F.3d 84, 94 (3d Cir. 2002). We review a sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007).

## III.

Moore first challenges the District Court's decision not to adjust his federal sentence to account for the fact that, because he served his state sentence while in federal detention, he did not have an opportunity to take advantage of Pennsylvania's early release programs. At sentencing, Moore explained to the District Court that, when he was sentenced for the Pennsylvania drug offense, the state court recommended him for

---

minimum sentence.

3

placement in the Pennsylvania Motivational Boot Camp Program. If he had been accepted into the program, he would have been eligible to earn early release in as little as six months. Even if he did not complete boot camp, he explained, he nonetheless would have been eligible for parole after serving one year of his two-year term. Instead, because he was taken into federal custody shortly after beginning to serve his state sentence, he did not have an opportunity to take advantage of these early-release programs and was required to serve the complete two-year state sentence while in federal detention before he began to accrue any time toward his federal sentence for the instant offense. Moore claimed that this was fundamentally unfair and asked the District Court to sentence him below the mandatory minimum to account for this unfairness.[3] The District Court denied the request on the grounds that: (a) Moore did not qualify for a downward departure under either U.S.S.G. §§ 5G1.3 or 5K2.23;[4] and (b) Moore had failed to show that he ultimately would have been accepted into the Motivational Boot Camp Program and released after only six months, or that, alternatively, he would have been paroled after only one year.

_____

[3] Specifically, Moore asked the District Court to reduce his sentence by either: (a) eighteen months, to account for the time he spent in federal detention in excess of the six months he would have spent in boot camp; or (b) twelve months, to account for the time he spent in federal detention in excess of the time he would have spent in state prison before becoming eligible for parole. Moore also asked the court to reduce his sentence by twenty-four months to effectively make his state-court sentence run concurrent to his federal sentence.

[4] As the District Court explained, U.S.S.G. §§ 5G1.3 and 5K2.23 apply only where the same course of criminal conduct gave rise to both the state and federal charges. Furthermore, § 5G1.3 applies only to undischarged sentences.

4

On appeal, Moore argues that the District Court failed to sufficiently consider his argument that the federal writ interfered with the state judge's discretion to fashion an appropriate sentence, and also failed to make clear whether it was denying his request for an adjustment based on "the law of variance, the law of departure or for other reasons and whether those reasons were legal or discretionary reasons." (Br. 27.) We disagree. We have reviewed the record and conclude that the District Court thoroughly considered all of Moore's arguments, properly determined that Moore did not qualify for a downward departure under either U.S.S.G. §§ 5G1.3 or 5K2.23, and reasonably concluded that his arguments about the shorter state sentence he might have served had he remained in state prison were too speculative to warrant relief. Accordingly, we see no procedural or substantive error in the District Court's decision.

Next, Moore argues that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (the "FSA"), which increased the threshold amount of crack cocaine that triggers a mandatory minimum sentence under § 841(b)(1)(B) and went into effect while his appeal was pending, should be applied to his case. His arguments in support of retroactive effect are foreclosed by our decision in United States v. Reevey, 631 F.3d 110, 114-15 (3d Cir. 2010), in which we held that the mandatory minimum sentences for crack violations in effect before the enactment of the FSA apply to defendants who committed their crimes while the prior law was in force.

Moore also argues that the statutory minimums in 21 U.S.C. § 841 based on the 100:1 crack-to-powder ratio in effect at the time of his sentence violate due process, equal

5

protection, and the proportionality principle of the Eighth Amendment. We have consistently held, however, that the distinctions between crack and powder cocaine in § 841 and the Guidelines in effect at the time of Moore's sentencing do not violate a defendant's right to due process or equal protection. See United States v. Alton, 60 F.3d 1065, 1068-70 (3d Cir. 1995); United States v. Frazier, 981 F.2d 92, 95 (3d Cir. 1992). We have also held that neither the mandatory minimum sentences for crack offenses under § 841, nor the 100:1 crack-to-powder ratio, violates the Eighth Amendment's prohibition on cruel and unusual punishments. See Frazier, 981 F.3d at 96. Moore's arguments urging this Court to reconsider these holdings in light of the FSA and Kimbrough v. United States, 552 U.S. 85 (2007), are unavailing.

Lastly, Moore argues that § 841(b)(1)(B)(iii)'s mandatory minimum sentence "conflicts" with the parsimony provision of 18 U.S.C. § 3553(a), which provides that a district court "shall impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing. 18 U.S.C. § 3553(a). Specifically, Moore contends that the District Court was unable to "carry out its judicial function, as set forth in the mandates of 18 U.S.C. § 3553(a), because it had to comply with the mandatory five (5) year sentence." (Br. 59.) We have previously rejected such challenges to mandatory minimum sentences. See United States v. Walker, 473 F.3d 71, 85 (3d Cir. 2007) (holding that there is no conflict between § 3553 and a mandatory minimum sentence provision because "§ 3553(a) must be read in conjunction with § 3553(e), which prohibits the court from sentencing a defendant below the statutory mandatory minimum sentence

6

unless the Government files a motion permitting such departure"); <u>United States v. MacEwan</u>, 445 F.3d 237, 251-52 (3d Cir. 2006) ("Congress has the power to define criminal punishments without giving the courts any sentencing discretion." (quoting <u>Chapman v. United States</u>, 500 U.S. 453, 467 (1991))).

IV.

For the reasons set forth above, we will affirm the judgment of sentence.