NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 12-1692

———————————

UNITED STATES OF AMERICA

v.

SHAMAR LANELL BANKS,

Appellant

———————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-11-cr-00002-001)
District Judge: Honorable Christopher C. Conner

———————————

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2012

Before: SLOVITER, AMBRO, and BARRY, Circuit Judges

(Opinion filed: January 4, 2013)

———————————

OPINION

———————————

AMBRO, Circuit Judge

Shamar Lanell Banks pled guilty to distribution and possession with intent to distribute cocaine base and hydrochloride in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 198 months' imprisonment, and now appeals his sentence. We affirm.

In July of 2010, York, Pennsylvania police coordinated a controlled drug purchase between Banks and an unidentified cooperating source. The purchase was to take place near McKinley Elementary School on the corner of Manor and Kurtz Streets in York. Banks arrived by car at approximately 7:00 p.m. and pulled up next to the source, who was seated in his own car on the designated corner. Banks chose to move the meeting location south on Manor Street in the direction of Springettsbury Avenue and York College.

While Banks was traveling to this new location, Detective Scott Nadzom and Officer Hower believed Banks observed them in their unmarked vehicle. Detective Nadzom advised assisting traffic units to stop and arrest Banks.

When Banks made a left-hand turn onto Springettsbury Avenue, multiple marked and unmarked traffic units began their pursuit. Among those units was Sergeant John Veater, who had both his lights and siren activated. Banks did not stop his car, proceeded to drive at a rate of 40 to 50 miles-per-hour in a 25 mile-per-hour residential zone, and failed to stop for five posted stop signs. The chase continued through at least eight residential blocks, including those with limited visibility among row houses and bumper-to-bumper parking lining both sides of the street. Banks then abandoned his car and fled on foot. Indeed, he evaded arrest until October of 2010.

2

In July of 2011, Banks pled guilty to distribution and possession with intent to distribute cocaine base and hydrochloride. The District Court held a sentencing hearing at which Banks contested the applicability of a two-level enhancement under United States Sentencing Guideline § 3C1.2 for reckless endangerment while fleeing from the police. Detective Nadzom and Sergeant Veater testified at that hearing in support of the § 3C1.2 enhancement. The District Court determined that the enhancement was warranted. Banks appealed, and raises one issue: whether his sentence is procedurally unreasonable because the District Court erred in applying the two-level enhancement under § 3C1.2.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291.

Banks asserts that the District Court committed a procedural error by applying a two-level enhancement for reckless endangerment during flight under U.S.S.G. § 3C1.2 because his actions would otherwise be considered minor traffic violations. Section 3C1.2 applies when "the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. A district court must find all facts by a preponderance of the evidence. *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (en banc). With respect to the application of § 3C1.2, a district court must find that the defendant acted recklessly and that the action created a substantial risk of death or serious bodily injury. Recklessness is defined "as a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that

3

risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. §§ 3C1.2 cmt. n.2, 2A1.4 cmt. n.1.

Banks drove his car at twice the legal speed limit on a residential street and disregarded posted stop signs. That neighborhood was in close proximity to an elementary school, college, public park, and commercial district where pedestrian traffic is common. The close quarters of the row houses that line the streets, and the bumper-to-bumper parking on both sides of the road, limit sightlines and reduce awareness of pedestrian presence. Although Banks did not strike or nearly strike bystanders or vehicles, direct instances of harm are not relevant to a determination of a "substantial *risk* of death or serious bodily injury." U.S.S.G. § 3C1.2 (emphasis added).

Speeding, running stop signs, and leading police in a pursuit through a residential area created the risk and recklessness that the District Court found in applying § 3C1.2. This is sufficient to warrant an enhancement. *United States v. Frazier*, 981 F.2d 92, 96 (3d Cir. 1992). In this context, the District Court's imposition of a two-level enhancement under § 3C1.2 is hardly in error. We thus affirm Banks's sentence.

4