

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2003

# USA v. Watkins

Precedential or Non-Precedential: Non-Precedential

Docket 02-1392

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Watkins" (2003). *2003 Decisions.* Paper 639.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/639

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 02-1392

———————

UNITED STATES OF AMERICA

v.

RICQUI WATKINS,

Appellant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

(Dist. Court No.: 00-CR-00415)
District Court Judge: Ann E. Thompson

———————

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2003

Before: ALITO,  FUENTES and GREENBERG, <u>Circuit Judges</u>

(Opinion Filed: April 18, 2003)

———————

OPINION OF THE COURT

———————

<u>PER CURIAM</u>:

Defendant Ricqui Watkins challenges his sentence for a drug-related offense. He

argues that: (1) the prosecution failed to prove by a preponderance of the evidence that the

substance distributed was cocaine base, rendering him subject to enhanced sentencing under

U.S.S.G. §2D1.1 and (2) the District Court erred by applying U.S.S.G. §2D1.1 as the

provision is violative of the Eighth Amendment. As this opinion is written for the benefit of

the parties only, we need not recite the facts herein.

We reject the defendant's argument that the District Court erred by sentencing

him pursuant to the Sentencing Guideline's crack cocaine enhancement provision as the

government presented sufficient evidence that the substance involved was cocaine base. In

1993, the Sentencing Commission added a definition of cocaine base, stating that

> Cocaine base, for the purposes of this guideline , means "crack." "Crack" is
> the street name for a form of cocaine base, usually prepared by processing
> cocaine hydrochloride and sodium bicarbonate, and usually appearing in a
> lumpy rocklike form.

U.S.S.G. §2D1.1. "For sentencing purposes, the character of the drug substance need not be

shown beyond a reasonable doubt, but only by a preponderance of the evidence." United

States v. Holman, 168 F.3d 655 (3d Cir. 1999) (citing United States v. Roman, 121 F.3d 136

(3d Cir. 1997). We review the District Court's finding that the cocaine base was "crack"

cocaine for clear error. United States v. Fuentes, 954 F.2d 151, 151-155 (3d Cir. 1992).

We must affirm the finding of the District Court unless, after reviewing the evidence, we are

"left with a definite and firm conviction that a mistake has been made." United States v.

Dent, 149 F.3d 1990, 189 (3d Cir. 1998).

In the instant case, the District Court determined that the relevant transactions

involved crack cocaine based on the testimony of: (1) Drug Enforcement Administration

(DEA) Special Agent Gregory Hilton, an agent with substantial experience in investigations involving controlled substances and (2) DEA Senior Forensic Chemist Roger Godino, an expert in distinguishing cocaine base and cocaine hydrochloride. The testimony presented by the DEA Special Agent and DEA Senior Forensic Chemist in this case are of more impressive quality than testimony accepted as sufficient by this Court in previous cases such as United States v. Holman, 168 F.3d 655, 660 (3d Cir. 1999) (relying on expert police testimony) and United States v. Roman, 121 F.3d 136, 141 (3d Cir. 1997) (relying on expert police testimony). In light of this Court's previous decisions in Holman and Roman and the extent of the record evidence in the instant case, we are not "left with a definite and firm conviction that a mistake has been made." United States v. Dent, 149 F.3d 1990, 189 (3d Cir. 1998). Therefore, we find no "clear error" here, United States v. Fuentes, 954 F.2d 151, 151-155 (3d Cir. 1992).

We also reject the defendant's Eighth Amendment challenge to 21 U.S.S.G. §2D1.1. This Court has specifically rejected a similar Eight Amendment disproportionality claim in United States v. Frazier, 981 F.2d 92 (3d Cir. 1992), cert. denied, 507 U.S. 1010 (1993) (upholding U.S.S.G. §2D1.1 and 21 U.S.C. §841(b)(1) against equal protection and Eighth Amendment proportionality challenges),[*] as have other Circuits considering a similar challenge, See, eg., United States v. Levy, 904 F.2d 1026, 1034 (6th Cir. 1990); United

_____

[*]As this Court noted in a footnote in Frazier, "the 100-to-1 ratio in the treatment of drug weight does not lead to a literal 100-to-1 ratio in punishment." 981 F.2d 92, 96 fn. 9 (3d Cir. 1992).

States v. Buckner, 894 F.2d 975, 978-980 (8th Cir. 1990); United States v. Colbert, 894 F.2d 373, 374-75 (10th Cir. 1990); United States v. Cyrus, 890 F.2d 1245, 1248 (D.C. Cir. 1989); United States v. Malone, 886 F.2d 1162, 1166 (9th Cir. 1989). The defendant's argument in the instant case is not unique, and we see no reason to abandon established precedent. Therefore, we reject the defendant's Eighth Amendment challenge to the application of U.S.S.G. §2D1.1.

Considering the foregoing, we affirm the judgment of the District Court.