

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2008

# USA v. Branch

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3516

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Branch" (2008). *2008 Decisions*. Paper 26.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/26

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3516

UNITED STATES OF AMERICA

v.

CREMNE BRANCH,
Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 05-cr-0146
(Honorable Christopher C. Conner)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2008

Before: SCIRICA, *Chief Judge*, RENDELL, *Circuit Judge*,
and O'CONNOR, *Retired Associate Justice*[*]

(Filed: December 31, 2008)

OPINION OF THE COURT

[*]The Honorable Sandra Day O'Connor, Retired Associate Justice of the Supreme
Court of the United States, sitting by designation.

SCIRICA, *Chief Judge*.

Defendant Cremne Branch was arrested after facilitating the sale of crack cocaine to a confidential informant. Branch pleaded guilty to a one-count information charging him with possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 210 months incarceration, fees and fines of $1,500, and three years of supervised release. Branch raises two contentions on appeal: (1) the District Court, by misappreciating the advisory nature of the Sentencing Guidelines' 100:1 crack/powder cocaine disparity, imposed an unreasonable sentence, and (2) the U.S.S.G. § 4B1.1 career offender enhancement was improperly applied because his violation of Pennsylvania's reckless endangerment statute does not qualify as a predicate "crime of violence" under U.S.S.G. § 4B1.2.[1]

I.

Branch contends the District Court failed to recognize its post-*Booker* sentencing discretion with regard to the Guidelines' 100:1 crack /powder cocaine disparity when it refused to grant his request for a downward variance. He further contends this refusal rendered his sentence longer than necessary to "promote the purposes of sentencing under 18 U.S.C. § 3553(a)(2)." Appellant Br. 17. We review a sentencing court's decision for reasonableness under a two-step analysis, *Gall v. United States*, 128 S. Ct. 586, 597

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

(2007), and apply an abuse-of-discretion standard. *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008).

In the first step of our analysis, we must "ensure that the district court committed no significant procedural error in arriving at its decision, 'such as . . . treating the Guidelines as mandatory.'" *Id.* at 217 (quoting *Gall*, 128 S. Ct. at 597). In *United States v. Gunter*, we recognized "a sentencing court errs when it believes that it has no discretion to consider the crack/powder cocaine differential incorporated in the Guidelines . . . as simply advisory." 462 F.3d 237, 249 (3d Cir. 2006). Our view of the advisory nature of the crack/powder disparity was later endorsed by the Supreme Court in *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007) (deciding "it would not be an abuse of discretion for a district court to conclude . . . that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes"). If we determine a sentencing court "believed it was bound to follow the Guidelines for crack offenses," we will vacate the defendant's sentence and remand for resentencing. *Wise*, 515 F.3d at 222. However, "the District Court is under no obligation to impose a sentence below the applicable Guidelines range solely on the basis of the crack/powder cocaine differential." *Gunter*, 462 F.3d at 249.

There is ample proof the District Court fully appreciated its freedom to consider the crack/powder disparity when imposing the sentence. During sentencing, the court said:

> [W]ith respect to your objection specifically to the disparity and treatment between cocaine and cocaine base, the court, this court believes it is bound by the Third Circuit precedent.
>
> The Third Circuit has spoken to this issue several times, and *although it is within the court's discretion to take the disparity into consideration*, the court will decline to stray from that Third Circuit precedent. I refer counsel to the Third Circuit's most recent decision in *United States v. Scott*, [178 F. App'x 140 (3d Cir. 2006)], which is a 2006 case, and to *United States v. Watkins*, [66 F. App'x 325 (3d Cir. 2003)], which is a 2003 Third Circuit decision . . . and to *United States v. Frazier* [981 F.2d 92 (3d Cir. 1992)], which is a 1992 Third Circuit decision, and for all of those reasons the objection to that disparity is overruled, or rejected.

(App. 32-33) (emphasis added). This statement clearly demonstrates the court's recognition of its discretion to factor the crack/powder disparity into its sentencing decision. Additionally, because the disparity does not create an "obligation to impose a [lower] sentence," *Gunter,* 462 F.3d at 249, our conclusion is not altered by the District Court's refusal to grant Branch's request.[2] As in *Wise*, "there is simply no indication that the District Court believed it lacked authority to consider the crack/powder cocaine

---

[2]Branch argues the court's statement that it was "bound by . . . Third Circuit precedent," indicates a failure to appreciate its authority to consider the crack/powder cocaine disparity in fashioning his sentence. This argument is without merit. First, this reading of the court's statement squarely contradicts the court's unequivocal recognition of its "discretion to take the disparity into consideration." App. 32. Second, the court referred specifically to three decisions of this court, none of which suggest the Guidelines are mandatory: *Frazier* stands for the uncontroversial proposition that the crack/powder disparity is not unconstitutional, 981 F.2d at 96, and *Watkins*, a non-precedential decision, simply reaffirmed *Frazier*. 66 F. App'x at 326. *Scott*, another non-precedential decision, echoed *Gunter* by holding a sentencing court is not *required* to give a non-Guideline sentence because of the crack/powder cocaine disparity. 178 F. App'x at 145. Because nothing in these decisions suggests mandatory adherence to the Guidelines, we reject Branch's interpretation.

4

disparity as part of its § 3553(a) analysis." *Wise*, 515 F.3d at 222.  Accordingly, we find

no procedural error.

In the second step of our analysis, we review for substantive reasonableness: a

sentence must be "premised upon appropriate and judicious consideration of the relevant

[18 U.S.C. § 3553(a)] factors."  *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir.

2006).  This step is deferential, and "[a]s long as a sentence falls within the broad range

of possible sentences that can be considered reasonable in light of the § 3553(a) factors,

we must affirm." *Wise*, 515 F.3d at 218.

During sentencing, the District Court determined:

[i]t is clear to the court that the defendant has been undeterred by prior
terms of imprisonment, and unfortunately there exists a strong likelihood of
recidivism.  In light of these facts the court finds that a sentence in the mid
range of the guidelines is appropriate to meet sentencing objectives . . . in
light of all the considerations set forth in Section 3553(a).

App. 42-43.  Based on this statement by the District Court, and our recognition that the

trial court is "in the best position to determine the appropriate sentence," *United States v.*

*Cooper*, 437 F.3d 324, 330 (3d Cir. 2006),  we find Branch's sentence to be substantively

reasonable.

## II.

In the second issue on appeal, Branch contends the District Court erred by

applying a U.S.S.G. § 4B1.1 career offender enhancement.  To qualify for the

enhancement, § 4B1.1 requires the defendant to have "at least two prior felony

5

convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). According to Branch, his conviction for recklessly endangering another person in violation of Pennsylvania statute 18 P.S. § 2705 is not a "crime of violence," and, therefore, the § 4B1.1 career offender enhancement does not apply. Because "[t]he proper construction of the term 'crime of violence' is a question of law, . . . our review is plenary." *United States v. McQuilken*, 97 F.3d 723, 727 (3d Cir. 1996).

The term "crime of violence" is defined in § 4B1.2(a) and the attendant Application Notes. Application Note 1 categorizes offenses as "crimes of violence" if, *inter alia*, "the conduct set forth in the count of which the defendant was convicted . . . by its nature, presented a *serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2 Application Note 1 (emphasis added). This definition closely parallels the language of Pennsylvania's reckless endangerment statute, which defines the offense as "recklessly engag[ing] in conduct which places or may place another person in danger of death or serious bodily injury." 18 P.S. § 2705. Where language of the criminal statute under which the defendant was previously convicted "so closely tracks the language of the Guideline that the defendant's conviction *necessarily* meets the Guideline standard, the district court need look no further than the statute and need not inquire into the underlying conduct charged." *United States v. Parson*, 955 F.2d 858, 872 (3d Cir. 1992).

In violating Pennsylvania's reckless endangerment statute, Branch "recklessly . . . place[d] or may have place[d] another person in danger of death or serious bodily injury."

6

18 P.S. § 2705. Looking no further than the words of the Pennsylvania statute, *Parson*, 955 F.2d at 872, such conduct "present[s] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2 Application Note 1; *see also Parson*, 955 F.2d at 874 (holding violation of Delaware's reckless endangerment statute constitutes "crime of violence" for purposes of § 4B1.1). Accordingly, Branch's violation of 18 P.S. § 2705 was a crime of violence, and the career offender enhancement was proper.

III.

Finding no error, we will affirm the judgment of conviction and sentence.