# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2218

_____

United States of America,

          Appellee,

v.

Fredrick Damond Boaz Watts,
also known as Woady, also known
as Fredrick Demond Watts,

          Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Minnesota.
\*
\*     [PUBLISHED]
\*
\*
\*

_____

Submitted: November 10, 2008
Filed: January 12, 2009

_____

Before WOLLMAN, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Fredrick Damond Watts appeals his sentence after pleading guilty to aiding and abetting the distribution of thirteen grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2. The plea agreement noted a potential Sentencing Guideline range of forty-one to fifty-seven months' imprisonment and a mandatory minimum sentence of five years. The district court[1] sentenced Watts, an

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

African-American, to the mandatory minimum, with an additional five years of supervised release and a $100 special assessment. On appeal, Watts challenges the five-year mandatory minimum as unconstitutional, alleging that the 100 to 1 crack to cocaine ratio used to set the mandatory minimum is irrational, and disproportionately affects African-Americans.

We review constitutional challenges to a statute de novo. United States v. Garcia, 521 F.3d 898, 901 (8th Cir. 2008). Title 21 U.S.C. § 841(b)(1)(B) establishes a mandatory minimum sentence of five years for persons possessing or distributing either five hundred or more grams of powder cocaine or five or more grams of cocaine base, resulting in a powder-to-base ratio of 100:1. Historically, United States Sentencing Guidelines Manual § 2D1.1 mirrored § 841's 100:1 ratio for purposes of establishing a Guideline sentencing range. However, amendment 706 to Guideline § 2D1.1 reduced the powder-to-base ratio to 20:1. Watts contends his statutory mandatory minimum sentence of five years is unconstitutional in light of amendment 706. When the 20:1 ratio is applied to § 841(b)(1)(B) in lieu of the statutorily mandated 100:1 ratio, a five-year mandatory minimum only applies if twenty-five or more grams of crack are in issue. Because Watts was convicted of aiding and abetting the distribution of thirteen grams of crack, he argues that his sentence is unconstitutional.

District courts lack the authority to reduce sentences below congressionally-mandated statutory minimums. Kimbrough v. United States, 128 S. Ct. 558, 571-72 (2007); see also United States v. Leon-Alvarez, 532 F.3d 815, 818-19 (8th Cir. 2008). Further, district courts may not consider the powder-to-base ratio disparity when deviating from statutory minimums on consideration of substantial assistance motions under 18 U.S.C. § 3553(e). United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008). Thus, the district court in this case was required to sentence Watts to five years' imprisonment.

Watts claims the statutory minimum sentence may be dispensed with when an equal protection infringement would otherwise result. This court, however, found no such equal protection violation in United States v. Clary, 34 F.3d 709 (8th Cir. 1994). The defendant in Clary alleged the mandatory minimum sentence found in § 841(b)(1) violated his equal protection rights. Id. at 710. The district court agreed, but this court reversed. Id. Relying on extensive Eighth Circuit precedent, we noted "that Congress clearly had rational motives for creating the distinction between crack and powder cocaine." Id. at 712. Further, the Equal Protection Clause was not violated because there was no evidence of a racially discriminatory motive–even after noting the percentage of African Americans sentenced under the mandatory minimum. Id.; see also United States v. Mendoza, 876 F.2d 639, 641 (8th Cir. 1989) (finding § 841(b)(1)'s mandatory minimum does not violate due process, or equal protection rights, or constitute cruel and unusual punishment).

The only difference between those cases rejecting Watts's argument and the facts here are a change in the powder-to-base ratio in the Guidelines and the introduction of bills in Congress to change or eliminate the ratio, as codified in § 841. Neither of these facts, however, warrant a different conclusion. The Supreme Court in Kimbrough held a different powder-to-base ratio in the Guidelines and § 841(b)(1) was permissible, and that district court's remain bound by the mandatory minimum sentences. Kimbrough, 128 S. Ct. at 571, 573. The Court also acknowledged that even the Sentencing Commission in addressing problems generated by the powder-to-base ratio, stated that "any comprehensive solution requires appropriate *legislative action by Congress*." Id. at 569 (emphasis added) (quotation omitted). Finally, while there is proposed legislation in Congress that may remedy the problems in question, these actions remain mere proposals, and it is not the province of this court to anticipate and implement what may or may not occur in Congress.

It may be true, as Watts suggests, that the 100:1 powder-to-base ratio in the context of mandatory minimum sentences has brought "irrationality and possibly

harmful mischief into the criminal justice system." <u>United States v. Smith</u>, 359 F. Supp. 2d 771, 780 (E.D. Wis. 2005). Nevertheless, the <u>Smith</u> case, which Watts cites for a discussion on the Sentencing Commission report recommending a change in the 100:1 ratio and to illustrate the ratio's disparate impact, acknowledges that "[o]nly Congress can correct the statutory problem." <u>Id.</u> at 781. The powder-to-base ratio undoubtedly affects tens of thousands of people–in 2007 alone, 9,430 people were sentenced to a statutory minimum sentence for cocaine charges. U.S. Sentencing Comm'n, 2007 Sourcebook of Federal Sentencing Statistics tbl.43 (2007), *available at* http://www.ussc.gov/ANNRPT/2007/table43.pdf. As frustrating as it may be for Watts to sit in prison and wait for Congress to possibly remedy a sentencing requirement, there is currently no other option.

Accordingly, the judgment of the district court is affirmed.

_____