# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3340

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Arkansas. |
| Dewayne A. Lucas, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 13, 2009
Filed: March 2, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Dewayne Lucas challenges the sentence the district court[1] imposed after he pleaded guilty to drug and firearm charges. At sentencing, the district court grouped Count 1 (possessing with intent to distribute more than 50 grams of methamphetamine) with Count 3 (possessing with intent to distribute more than 50 grams of cocaine base) and calculated an advisory Guidelines imprisonment range of 97-121 months, elevated to 120-121 months based on the statutory minimum under 21 U.S.C. § 841(b)(1)(A) for Count 3. The court then

_____

[1]The Honorable William R. Wilson, United States District Judge for the Eastern District of Arkansas.

imposed concurrent sentences of 120 months in prison on Counts 1 and 3, and the statutorily mandated consecutive sentence of 60 months in prison on Count 4 (possessing a firearm in furtherance of a drug trafficking crime), for a total sentence of 180 months.

Lucas first argues on appeal that the mandatory minimum sentence for cocaine base violates the Due Process and Equal Protection Clauses. This argument is foreclosed by circuit precedent. See United States v. Watts, No. 08-2218, 2009 WL 57002, at **1-2 (8th Cir. Jan. 12, 2009) (per curiam) (neither Guidelines change in powder-to-base ratio, nor introduction of bills in Congress to change or eliminate ratio, change conclusion that mandatory minimums are constitutional); United States v. Clary, 34 F.3d 709, 712 (8th Cir. 1994) (statute does not violate equal protection); United States v. Stallings, 301 F.3d 919, 923 (8th Cir. 2002) (statute does not violate due process).

Next, Lucas argues for the first time on appeal that the district court improperly sentenced him on Count 1 based on the 10-year minimum sentence under section 841(b)(1)(A). We review for plain error, see United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (errors not properly preserved are reviewed for plain error), and our review of the record shows no error, plain or otherwise. Both the presentence report, and the district court at sentencing, stated that the statutory minimum sentence for Count 1 was 5 years, and the judgment reflects that Count 1 was sentenced under 21 U.S.C. § 841(b)(1)(B), which has a statutory minimum of 5 years and a statutory maximum of 40 years. As required by the Guidelines, however, Count 1 was grouped with Count 3, and Count 3 carried the minimum 120-month sentence under section 841(b)(1)(A). See U.S.S.G. § 5G1.1(c)(2) (sentence may be imposed at any point within Guidelines range, provided it is not less than statutorily required minimum). Therefore, the same 120-month sentence--to be served concurrently--was also proper as to Count 1. See United States v. Lee, 359 F.3d 194, 209-10 (3d Cir. 2004) (U.S.S.G. § 5G1.2(b) instructs court to apply same sentence to

each count in same group, unless statutorily authorized maximum for that count is less than minimum of Guidelines range or statutory minimum is greater than maximum of Guidelines range); United States v. McLeod, 251 F.3d 78, 83 (2d Cir. 2001) (when sentencing on multiple counts, district court imposes total punishment on each count, unless it would exceed statutory maximum for any count).

Finally, we reject Lucas's argument that his sentence is unreasonable under United States v. Booker, 543 U.S. 220 (2005).  See United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006) (Booker "does not relate to statutorily-imposed sentences").

The judgment is affirmed.

_____