

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2009

# USA v. Irizarry

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4735

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Irizarry" (2009). *2009 Decisions.* Paper 1504.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1504

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 07- 4735

———

UNITED STATES OF AMERICA
v.

ROBERTO IRIZARRY,
a/k/a Roberto Acevedo

Roberto Irizarry,
                              Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00600-1)
District Judge: Honorable John R. Padova

———

Submitted Under Third Circuit LAR 34.1(a)
April 21, 2009

Before: SCIRICA, Chief Judge, SLOVITER, and FISHER, Circuit Judges

(Filed: April 22, 2009)

———

OPINION

———

SLOVITER, <u>Circuit Judge</u>.

Appellant Roberto Irizarry pled guilty to distribution of fifty grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841. The District Court then imposed the statutory minimum sentence of ten years. On appeal, Irizarry contends that his sentence violated the Equal Protection component of the Fifth Amendment's Due Process Clause.

**I.**

In July 2003, a confidential source informed investigators from the Drug Enforcement Agency that she could purchase quarter-pound quantities of crack cocaine from an individual later identified as Irizarry. On July 11, 2003, the confidential source purchased approximately 122 grams of crack from Irizarry in a transaction that was video- and audio-taped. This sale took place within 1,000 feet of a school. After the confidential source arranged a similar transaction in August 2003, Irizarry was arrested while in possession of approximately 125 grams of crack.

Irizarry was indicted on four counts of distribution of drugs, two of which related to distribution within 1,000 feet of a protected location. Irizarry pleaded guilty to Count One, which related to the July 11, 2003, transaction described above, in exchange for dismissal of the remaining counts.

At sentencing, Irizarry, who is Hispanic, raised an equal protection challenge to the mandatory minimum ten-year sentence provided in 21 U.S.C. § 841(b)(1)(A). Specifically, he argued that § 841(b), which incorporates a 100:1 ratio between crack and

cocaine powder weights for the purposes of its mandatory minimum sentences, was racially discriminatory and/or without a rational basis. The District Court rejected those arguments and sentenced Irizarry to the mandatory minimum sentence on Count One.[1]

## II.

On appeal, Irizarry renews his contention that the statutory mandatory minimum sentence provided by 21 U.S.C. § 841(b) violates his equal protection rights because, though facially neutral, § 841(b) was enacted for a racially discriminatory purpose and/or lacked a rational basis. However, we have previously held that the mandatory minimums at issue, which were part of the Anti-Drug Abuse Act of 1986, Pub. L. No. 99-570, 100 Stat. 3207, were not enacted for an impermissible discriminatory purpose and were

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

The Government has moved to enforce Irizarry's appellate waiver. Irizarry has opposed that motion because his plea agreement provides that "[t]his waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived." Appeallant's [sic] Response to Appellee's Motion to Enforce Appellate Waiver and for Summary Affirmance at 1, *United States v. Irizarry*, No. 07-4735 (3d Cir. Mar. 11, 2008). We have previously made clear that "a sentence based on constitutionally impermissible criteria, such as race . . . can be challenged on appeal even if the defendant executed a blanket waiver of his appeal rights." *United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007) (quotation omitted). Thus, Irizarry did not waive his right to bring the instant appeal.

3

supported by a rational basis. *United States v. Frazier*, 981 F.2d 92, 95 (3d Cir. 1992).

Irizarry also argues that Congress' failure to amend § 841's mandatory minimum sentences offends equal protection because Congress has been made aware of (1) the significant disparate impact that the crack/cocaine sentencing differences have on defendants of racial minority groups and (2) recent data that suggests that crack offenses do not pose a significantly greater threat to drug users or society than cocaine powder offenses.

There is some authority to support the notion that an equal protection challenge may be viable where legislation was not enacted for an impermissible purpose but Congress subsequently reaffirmed that legislation in the face of evidence that it had a disparate impact on a protected group or lacked a rational basis. *See United States v. Then*, 56 F.3d 464, 468 (2d Cir. 1995) (Calabresi, J., concurring) (suggesting that equal protection challenge based on crack/cocaine disparity may lie if Congress, "though . . . made aware of both the dramatically disparate impact among minority groups of enhanced crack penalties and of the limited evidence supporting such enhanced penalties, were nevertheless to act affirmatively" to preserve those penalties); *see generally Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (holding that discriminatory purpose involves situations in which government "selected or *reaffirmed* a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group") (quotations omitted) (emphasis added).

4

Assuming such a claim is cognizable, we cannot conclude that Congress' failure to amend § 841 was "because of" a racially discriminatory or otherwise impermissible purpose. Irizarry relies heavily on the findings of the Sentencing Commission, which has documented the significant impact of the crack/cocaine sentencing disparity on minority groups, questioned Congress' conclusions regarding the relative severity of crack and cocaine offenses, and recommended (and under the Guidelines, adopted) a reduction in the crack/cocaine disparity. *See* U.S. Sentencing Commission, Report to the Congress: Cocaine and Federal Sentencing Policy 6-9, 15 (2007) (hereafter "2007 Report"); U.S. Sentencing Guidelines Manual app. C, amend. 706 (Nov. 1, 2007).

Significantly, however, the Sentencing Commission has also found that certain forms of aggravating conduct, such as the use of weapons and violence, are more common in crack offenses than cocaine powder offenses; that crack offenders generally have more extensive criminal histories than cocaine powder offenders; and that the risk of addiction may be greater for crack than cocaine powder. 2007 Report at 31, 36, 44, 62; *see also Kimbrough v. United States*, --- U.S. ----, 128 S. Ct. 558, 568 (2007) ("In the Commission's view, some differential in the quantity-based penalties for the two drugs is warranted because crack is more addictive than powder, crack offenses are more likely to involve weapons or bodily injury, and crack distribution is associated with higher levels of crime.") (quotations and citation omitted).

These findings clearly provide a rational, non-discriminatory basis in support of

5

the mandatory minimum sentences provided in § 841. *See, e.g., United States v. Wimbley*, 553 F.3d 455, 463 (6th Cir. 2009) (rejecting equal protection challenge to § 841); *United States v. Watts*, 553 F.3d 603, 604-05 (8th Cir. 2009) (same); *United States v. Lee*, 523 F.3d 104, 106 (2d Cir. 2008) (same); *United States v. Taylor*, 522 F.3d 731, 736 (7th Cir. 2008) (same); *United States v. Garcia-Carrasquillo*, 483 F.3d 124, 134 (1st Cir. 2007) (same). Thus, notwithstanding what may be a disparate impact on minority groups resulting from § 841's mandatory minimum sentences, Congress' retention of those mandatory minimums does not offend the Equal Protection component of the Fifth Amendment. *See Frazier*, 981 F.2d at 95 ("Even conscious awareness on the part of the legislature that the law will have a racially disparate impact does not invalidate an otherwise valid law, so long as that awareness played no causal role in the passage of the statute."); *see also Washington v. Davis*, 426 U.S. 229, 242 (1976) ("[W]e have not held that a law, neutral on its face and serving ends otherwise within the power of government to pursue, is invalid under the Equal Protection Clause simply because it may affect a greater proportion of one race than of another.").

**III.**

For the above-stated reasons, we will affirm the judgment and sentence.