# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3391

_____

United States of America,

        Appellee,

v.

Jamesell J. Campbell, aka Jell-O,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: March 8, 2010
Filed: July 30, 2010

_____

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Jamesell Campbell pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 and one count of criminal forfeiture pursuant to 21 U.S.C. § 853. The plea subjected Campbell to a statutory mandatory minimum penalty of five years' imprisonment under 21 U.S.C. § 841(b)(1)(B). The presentence investigation report (PSR) set Campbell's base offense level at 26. The PSR also called for two Guidelines adjustments: (1) a two-level adjustment for possessing a weapon during the drug offense under U.S.S.G. § 2D1.1(b)(1); and (2) a two-level adjustment for obstruction of justice under

U.S.S.G. § 3C1.1. The district court[1] sentenced Campbell to five years' imprisonment. On appeal, Campbell argues that the district court erred in imposing the two Guidelines enhancements. Campbell also argues that the 100-to-1 crack/powder cocaine ratio is unconstitutional. We affirm.

## I. *Background*

Campbell pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine base, in violation of § 846, and one count of criminal forfeiture pursuant to § 853. The plea subjected Campbell to a statutory mandatory minimum sentence of five years imprisonment pursuant to § 841(b)(1)(B). Campbell had a base offense level of 26. Campbell's PSR also called for a two-level adjustment for possessing a weapon during the drug offense and a two-level adjustment for obstruction of justice. After applying the adjustments and Campbell's applicable criminal history score, the PSR recommended an advisory Guidelines range of 87 to 108 months' imprisonment.

Campbell objected to the Guidelines enhancements, claiming that the alleged incident with the weapon never occurred. Campbell further objected to the imposition of the mandatory minimum sentence on the ground that the 100-to-1 crack/powder cocaine ratio embedded in § 841 violates the Equal Protection Clause of the Fifth Amendment. At the sentencing hearing, the district court received testimony that included the following. During its investigation of Campbell the police used a confidential informant. The informant called authorities and claimed with "urgency in his voice" that Campbell had accused him of being a snitch and was threatening to shoot him and his family. During this incident, Campbell allegedly brandished a firearm. At sentencing, after receiving testimony, the district court rejected Campbell's

---

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

objections to the PSR and set a revised Guidelines range of 46 to 57 months[2]. However, in light of the statutory mandatory minimum sentence, the court sentenced Campbell to five years' imprisonment.

## II. *Discussion*
### A. *Sentencing Enhancements*

On appeal, Campbell maintains that the hearsay testimony that the district court relied on to establish his sentencing enhancements under the Guidelines lacked sufficient indicia of reliability and should have therefore been excluded.

"We review the trial court's factual findings in support of a sentencing enhancement for clear error and its application of the sentencing guidelines to the facts de novo." *United States v. Campbell*, 270 F.3d 702, 706 (8th Cir. 2001).

> A district court has wide discretion at sentencing as to the kind of information considered or its source. In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy. The relevant information a court may consider includes criminal activity for which the defendant has not been prosecuted and uncorroborated hearsay, provided the defendant is given a chance to rebut or explain it.

---

[2]The district court rejected Campbell's objections to the two sentencing enhancements but did not accept the PSR's calculation of the base offense level finding that the base offense level was substantially increased because it involved crack cocaine, which the court held is "no worse than powder cocaine." The court then recalculated Campbell's base offense level at 20 and applied the two levels for possession of a weapon and two levels for obstruction of justice, for an adjusted offense base level of 24.

*United States v. Pratt*, 553 F.3d 1165, 1170 (8th Cir. 2009) (internal quotations, alterations, and citations omitted). "The determination of whether hearsay evidence is sufficiently reliable to support a sentencing decision depends on the facts of the particular case and is committed to the sound discretion of the district court." *United States v. Cassidy*, 6 F.3d 554, 557 (8th Cir. 1993) (internal citation omitted). In this case, the record reflects that Officer Bogdanoff, who stated that he talked with the informant as he encountered Campbell, testified consistently with the informant's testimony. Officer Bogdanoff also testified to the reliable record the informant had established with authorities. Campbell notes appropriate concerns about the informant's credibility, such as his criminal history and incentive to aid the government, but such credibility assessments are for the trial court to make and they are not present to a degree in this case to warrant reversal. Campbell was given a chance to rebut the informant's hearsay claims, but the district court accepted the government's argument for the enhancement. Accordingly, we find no error in the district court's analysis.

B. *Crack Cocaine/Powder Cocaine Disparity*

Campbell next argues that the 100-to-1 crack/powder cocaine ratio incorporated into § 841(b) disproportionately impacts African-Americans and is unconstitutional. Campbell acknowledges that our precedents have addressed and rejected this argument but raises it for purposes of issue preservation.

"The question of whether a statute is constitutional is a question of law and must be reviewed de novo." *United States v. Prior*, 107 F.3d 654, 658 (8th Cir. 1997) (internal quotations and citation omitted).

"District courts lack the authority to reduce sentences below congressionally-mandated statutory minimums. Further, district courts may not consider the powder-to-base ratio disparity when deviating from statutory minimums on consideration of substantial assistance motions under 18 U.S.C. § 3553(e)." *United*

*States v. Watts*, 553 F.3d 603, 604 (8th Cir. 2009) (internal quotations and citations omitted).

Finally, we have held that § 841(b) does not violate the Equal Protection Clause. *United States v. McClellon*, 578 F.3d 846, 861 (8th Cir. 2009); *see also United States v. Mendoza*, 876 F.2d 639, 641 (8th Cir. 1989) (finding that § 841(b)(1)'s mandatory minimum does not violate due process, or equal protection rights, or constitute cruel and unusual punishment). Accordingly, Campbell's challenge to § 841(b) fails.

### III. *Conclusion*

The judgment of the district court is affirmed.

_____