# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3217

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Tyrone L. Ford, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: March 8, 2010
Filed: August 6, 2010

———————

Before SMITH, BENTON, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Tyrone Ford pleaded guilty to one count of conspiracy to distribute more than five grams of crack cocaine, in violation of 21 U.S.C. § 846. At sentencing, Ford objected to the imposition of § 841(b)(1)'s mandatory five-year minimum sentence on the ground that it would violate his right to equal protection under the law. The district court[1] disagreed and sentenced Ford to five years' imprisonment. On appeal, Ford renews his constitutional challenge to § 841(b)(1). We affirm the district court.

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

## I. *Background*

On December 17, 2008, law enforcement officers executed a search warrant for crack cocaine at an apartment in Omaha, Nebraska. The officers found six grams of crack cocaine in a single package in the bedroom of the residence. In the hallway adjacent to the bedroom, the officers discovered Ford and arrested him. Ford was later indicted for conspiracy to distribute more than five grams of crack cocaine, in violation of § 846 ("Count 1")[2], and for possession with intent to distribute more than five grams of crack cocaine, in violation of §§ 841(a)(1) and(b)(1) ("Count 2")[3].

---

[2]Count 1 of the indictment reads:

From an unknown date but at least as early as October 1, 2008, and continuing through December 17, 2008, in the District of Nebraska, TYRONE L. FORD, Defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons both known and unknown to the Grand Jury, to distribute and possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base (i.e. "crack cocaine"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

In violation of Title 21, United States Code, Section 846.

[3]Count 2 of the indictment reads:

On or about December 17, 2008, in the District of Nebraska, TYRONE L. FORD, Defendant herein, did knowingly and intentionally possess with intent to distribute 5 grams or more of a mixture or substance containing a detectable amount of cocaine base (i.e. "crack cocaine"), a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1).

Ford initially pleaded not guilty to the full indictment but later pleaded guilty to Count 1. In exchange for Ford's guilty plea, the government agreed to dismiss Count 2. Following Ford's guilty plea, a presentence investigation report (PSR) was prepared. The PSR noted that Ford's drug offense involved at least five grams but less than 20 grams of crack cocaine, and therefore carried a base offense level of 24 under U.S.S.G. § 2D1.1. A three-level adjustment for acceptance of responsibility reduced Ford's total offense level to 21. Ford had six criminal history points, which placed him in criminal history category III. These calculations resulted in a Guidelines range of 46 to 57 months' imprisonment. However, pursuant to § 841(b)(1), Ford's offense carried a statutory mandatory minimum penalty of five years' imprisonment. Ford objected to the imposition of the mandatory minimum sentence on the ground that it would violate his constitutional right to equal protection of the laws under the Fifth Amendment. Ford asserted that Congress's decision to punish crack cocaine offenders 100 times more severely than powder cocaine dealers had a discriminatory impact on African-American offenders like himself.

At the sentencing hearing, the district court overruled Ford's objection. The court then imposed the mandatory minimum five-year sentence.

## II. *Discussion*

On appeal, Ford argues that the 100-to-1 crack/powder cocaine ratio incorporated into § 841(b) disproportionately impacts African-Americans and therefore is unconstitutional.

We review the question of whether a statute is constitutional de novo. *United States v. Prior*, 107 F.3d 654, 658 (8th Cir. 1997).

Ford's arguments have been addressed and resolved in our prior cases. We have held that "[d]istrict courts lack the authority to reduce sentences below congressionally-mandated statutory minimums." *United States v. Watts*, 553 F.3d 603,

604 (8th Cir. 2009). Additionally, we have also held that § 841(b) does not violate the Equal Protection Clause. *United States v. McClellon,* 578 F.3d 846, 861 (8th Cir. 2009); *United States v. Mendoza*, 876 F.2d 639, 641 (8th Cir. 1989) (finding that § 841(b)(1)'s mandatory minimum does not violate due process or equal protection rights). Accordingly, Ford's challenge to the constitutionality of § 841(b) fails.

## III. *Conclusion*

The judgment of the district court is affirmed.

_____