# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1873
_____

United States of America,

*Plaintiff - Appellee,*

v.

Shane Willis,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 7, 2013
Filed: November 15, 2013
[Unpublished]

_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Shane Willis directly appeals after he pleaded guilty to being a felon in possession of a firearm and the district court[1] sentenced him as an armed career

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

criminal under 18 U.S.C. § 924(e), imposing a mandatory minimum sentence of 15 years in prison. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the prison term imposed by the district court is unreasonable. In a letter filed pursuant to Federal Rule of Appellate Procedure 28(j), counsel draws our attention to Alleyne v. United States, 133 S. Ct. 2151 (2013).

Counsel's challenge to the reasonableness of Willis's sentence is unavailing because the district court had no authority to impose a sentence below the statutory minimum. See 18 U.S.C. § 924(e); United States v. Watts, 553 F.3d 603, 604 (8th Cir. 2009) (per curiam); United States v. Gregg, 451 F.3d 930, 937 (8th Cir. 2006). Alleyne does not apply to Willis's sentence, because his status as an armed career criminal was based on prior convictions. See Alleyne, 133 S. Ct. at 2160 n.1. Further, having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues.

Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw, subject to counsel informing Willis about procedures for seeking rehearing or filing a petition for certiorari.

_____