OPINION
AMBRO, Circuit Judge.
A jury convicted Troy Ponton of conspiracy to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846, possession of 50 grams or more of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and aiding and abetting, in violation of 18 U.S.C. § 2. He challenges the sufficiency of the evidence under Federal Rule of Criminal Procedure 29 and the weight of the evidence under Federal Rule of Criminal Procedure 33.[1] For the following reasons, we affirm Ponton’s conviction on all counts.
On October 25, 2006, Ponton and Omar Braswell, a co-defendant who pled guilty, were caught in an undercover narcotics sting conducted by the Philadelphia Police Department. In a prearranged meeting, they sold three ounces of crack cocaine to an undercover officer, Bryan Sumter. Braswell was arrested at the scene, but Ponton fled, leaving behind the plastic bag of crack cocaine. Officers arrested Ponton approximately one month later at the address listed on his identification card, which was found in the car he was driving the night of the sting.
I.
There is no question that there was sufficient evidence to convict Ponton of conspiracy and possession with intent to distribute. In reviewing a jury verdict for sufficiency of the evidence, we view the evidence in the light most favorable to the Government, and will affirm a conviction if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. United States v. Jenkins, 90 F.3d 814, 817 (3d Cir.1996). Preliminarily, we note that this claim proceeds under a plain error standard of review because it was not preserved before the District Court by a motion at trial or post-trial under Federal Rule of Criminal Procedure 29(a) or (c). See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). “A conviction based on insufficient evidence is plain error only if the verdict ‘constitutes a fundamental miscarriage of justice.’ ” United States v. Thayer, 201 F.3d 214, 219 (3d Cir.1999) (quoting Unit *181 ed States v. Barel, 939 F.2d 26, 37 (3d Cir.1991)).
Ponton first argues that the Government failed to prove he was the man who attempted to sell crack cocaine to the undercover police officer the night of the narcotics sting. Two of the officers involved in the sting identified Ponton at trial. Officer Sumter was in the car with Ponton for approximately 40 minutes, waiting for the drugs to complete the transaction. Officer Israel Morales was conducting surveillance and testified that he saw Ponton retrieve the plastic bag of crack cocaine from Braswell in a nearby alleyway. As noted, Ponton’s identification card, which included his picture and address, was also found in the car he had driven to the location of the sting before he fled from police. Both officers testified that Ponton’s picture on the identification card was the same man involved in the narcotics transaction. A reasonable juror could have determined that this evidence identifies Ponton as the individual involved in the sting transaction, and thus the verdict is not a miscarriage of justice on this ground.
Ponton also argues that the evidence was not sufficient to prove that he engaged in a conspiracy with Braswell to sell crack cocaine because it was a mere buyer-seller relationship. Again, this argument fails. Conspiracy requires “(1) a unity of purpose between the alleged conspirators; (2) an intent to achieve a common goal; (3) and an agreement to work together toward that goal.” United States v. Pressler, 256 F.3d 144, 149 (3d Cir.2001).
The evidence presented at trial sufficiently demonstrated a conspiracy between Ponton and Braswell — Ponton arranged and completed the drug transaction, while Braswell prepared and delivered the drugs to the designated location. They were communicating by cell phone periodically throughout the course of the transaction. In one call, Ponton told Braswell that the undercover officer, Sumter, had the full amount of cash to pay for the drugs, stating “I told you, it’s all here, they good.” While Officer Sumter was waiting for the drugs in the car Ponton had driven to the location, Ponton told him that the crack cocaine was delayed because Braswell was cooking it and had to deliver it to the location. Later, Officer Morales observed Ponton retrieve the drugs from Braswell in an alleyway near the car where Officer Sumter was waiting. Ponton did not exchange any money with Braswell at that time, and Braswell remained in the alley while Ponton completed the transaction with Officer Sumter. Based on this evidence, a reasonable juror could conclude that the Government proved the elements of conspiracy beyond a reasonable doubt. See, e.g., United States v. Moran, 984 F.2d 1299, 1303 (1st Cir1993) (“Even a single sale for resale, embroidered with evidence suggesting a joint undertaking between buyer and seller, could suffice” to establish a conspiracy.).
II.
There is also no question that the jury’s verdict was supported by the weight of the evidence. “[N]ew trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury’s verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience.” Williamson v. Consolidated Rail Carp., 926 F.2d 1344, 1353 (3d Cir.1991). Ponton’s claim for a new trial under Federal Rule of Criminal Procedure 33 is reviewed for plain error because he did not make a motion for a new trial before the District Court. He *182 relies on the same arguments as his sufficiency of the evidence claim, and thus our rationale is the same in denying it here.
We thus affirm.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).