**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2550
_____

UNITED STATES OF AMERICA

v.

TROY PONTON,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 07-cr-00131)
District Judge:  Honorable John P. Fullam

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 18, 2011
Before:  BARRY, JORDAN AND GARTH, Circuit Judges

(Opinion filed: January 19, 2011 )

_____

OPINION
_____

PER CURIAM

Troy Ponton, proceeding pro se, appeals an order of the United States District

Court for the Eastern District of Pennsylvania denying a motion to reduce his sentence

1

based on a Department of Justice policy statement. We will affirm the judgment of the District Court.

A jury found Ponton guilty of conspiracy to distribute 50 grams or more of crack cocaine and possession of 50 grams or more of crack cocaine with intent to distribute. On March 6, 2008, the District Court sentenced Ponton to the statutory mandatory minimum penalty of 120 months in prison. On July 15, 2009, we rejected Ponton's challenges on direct appeal to the weight and sufficiency of the evidence supporting his convictions and affirmed the judgment of the District Court. United States v. Ponton, 337 F. App'x 179 (3d Cir. 2009) (unpublished decision).

In April 2010, Ponton filed in District Court a pro se "motion for 1 to 1 ratio pursuant to Department of Justice policy statement issued by U.S. Attorney General & common law." In his motion, Ponton asserted that the Attorney General had stated that the penalties for crack cocaine offenses unconstitutionally discriminate against minorities and that the Attorney General would not oppose motions seeking relief from an unconstitutional sentence for such an offense. Ponton asked that his sentence be reduced to equal the sentence that would have been imposed if his offenses involved powder cocaine. The District Court denied the motion, noting that the Department of Justice policy statement does not provide a basis for a retroactive sentence reduction. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review over

2

questions of law is plenary. United States v. Washington, 549 F.3d 905, 911 (3d Cir. 2008).

The District Court did not err in denying Ponton's motion for a reduction of sentence. Once a sentence becomes final, the District Court's power to reduce a sentence is limited. Washington, 549 F.3d at 915-16. A sentence may be modified pursuant to 18 U.S.C. § 3582(c) upon motion by the Bureau of Prisons if certain requirements are met, where a statute or Rule 35 expressly permits modification, or where a retroactive amendment to the Sentencing Guidelines lowers the applicable sentencing range. Id. at 915 n.11. Under Federal Rule of Criminal Procedure 35(a), a sentence may be modified if a motion is filed within seven days and establishes arithmetical, technical, or clear error. Id. at 916. Neither Rule 35(a) nor § 3582 apply here.[1] Rather, Ponton seeks a reduction of sentence based on a Department of Justice statement criticizing the disparity in penalties between crack and powder cocaine, which the District Court properly held does not provide a basis for relief.

To the extent Ponton challenges the constitutionality of his sentence, his motion could have been construed as seeking relief pursuant to 28 U.S.C. § 2255.[2] Such a

---

[1]Ponton was sentenced after the effective date of the 2007 amendments to the Sentencing Guidelines for crack cocaine offenses and thus he does not seek a sentence reduction pursuant to those amendments.

[2]The District Court arguably should have provided Ponton notice under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), before adjudicating his motion.

3

motion, however, would have been unsuccessful. Ponton did not challenge his sentence on direct appeal. Thus, his claim would not be cognizable under § 2255 absent a showing of cause for the failure to raise his argument and prejudice. United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993). Even if cognizable, Ponton's constitutional claim lacks merit. We have previously rejected the claim that the distinction between cocaine base and cocaine in the federal sentencing scheme violates the right to equal protection. United States v. Frazier, 981 F.2d 92, 95 (3d Cir. 1992) (per curiam).[3]

Finally, Ponton argues in his brief that the District Court erred in asking the Federal Defender's Office to review his motion. The Federal Defender's Office informed the District Court that Ponton was not entitled to relief. Because the Federal Defender's Office was correct, Ponton was not prejudiced by the District Court's request.

Accordingly, we will affirm the order of the District Court.

---

Ponton, however, was not prejudiced by any failure to provide such notice because his motion was not recharacterized as a § 2255 motion and he was not precluded from filing a § 2255 motion before the expiration of the statute of limitations.

[3]In addition, although Congress has enacted The Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, which raised the amount of crack cocaine necessary to trigger a ten-year mandatory minimum sentence, the statute does not apply here because the Act became effective on August 3, 2010, and Congress did not make the Act retroactive. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam) (involving direct appeal); United States v. Carradine, 621 F.3d 575 (6th Cir. 2010) (same). Our Court reached that conclusion while this case was on appeal. United States v. Reevey, ___ F.3d ___, ___, 2010 WL 5078239, at *3 (3d Cir. 2010).