**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4828**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ADRIAN JOSE ROMERO, a/k/a Dre, a/k/a Dri, a/k/a Joseph Wayne Green,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:19-cr-00011-JPJ-PMS-1)

Submitted:  May 29, 2020                       Decided:  July 9, 2020

Before NIEMEYER, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven R. Minor, ELLIOTT, LAWSON & MINOR, PC, Bristol, Virginia, for Appellant. Thomas T. Cullen, United States Attorney, S. Cagle Juhan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adrian Jose Romero pled guilty pursuant to a plea agreement to conspiracy to distribute, and to possess with intent to distribute, "50 grams or more of methamphetamine (actual)." He was sentenced to 235 months in prison. On appeal, he raises various claims. The Government seeks to enforce the appellate waiver in his plea agreement. Although we find that Romero's claims are not barred by the appellate waiver, we affirm his conviction and sentence.

Romero asserts that, while the appellate waiver in his plea agreement is valid and enforceable, the claims he raises on appeal are not waivable. While certain claims may not be waived in a plea agreement, the limited number of unwaivable claims must allege "fundamental issues." *United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012) (noting that, to avoid application of appellate waiver, defendant must allege that sentence was beyond the authority of the district court). In addition, even a valid and enforceable appeal waiver does not bar the appeal of a sentence based on a constitutionally impermissible factor such as race. *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992); *see also United States v. Johnson*, 347 F.3d 412, 415 (2d Cir. 2003) (finding that plea agreement cannot waive appeal where defendant alleges that his "sentence is constitutionally deficient because it rests improperly upon his status").

I.

Romero first contends that the Sentencing Guidelines involve intentional discrimination because the penalties for actual/ice methamphetamine were increased by the Sentencing Commission with the knowledge that doing so would mean more jail time

2

for increasing numbers of Hispanic offenders. Given that Romero seeks to raise a claim that his sentence was the product of racial discrimination, we find the appellate waiver does not bar his claim. Thus, this narrow claim will be reviewed on the merits.

Romero contends that the actual/ice methamphetamine Guidelines result in a disparate (and harsher) impact on Hispanic offenders, when compared to the less severe sentences for crimes involving a methamphetamine mixture. However, even assuming that a disparate impact exists, "disparate impact and foreseeable consequences, without more, do not establish a constitutional violation." *Columbus Bd. of Educ. v. Penick*, 443 U.S. 449, 464 (1979); *see also United States v. Williamson*, 53 F.3d 1500, 1529 (10th Cir. 1995) (finding that disparate impact does not imply a finding of intentional discrimination). With regard to the crack/powder cocaine disparity in statutory mandatory minimum sentences, we have repeatedly rejected claims that a disparate impact on African Americans gave rise to an equal protection claim. We instead held that the statute was facially neutral, it was not being applied in a discriminatory manner, and there was no evidence of a discriminatory motivation on the part of Congress. Without these showings, we examined the statute under the rational basis test and determined that Congress could have rationally concluded that distribution of cocaine base was a greater menace to society than distribution of cocaine powder and, thus, warranted greater penalties. Accordingly, despite any disparate impact, no equal protection violation existed. *See, e.g., United States v. Perkins*, 108 F.3d 512, 518-19 (4th Cir. 1997).

Romero does not address the standards for an equal protection claim and contends only that the Commission was aware of the disparate impact. Thus, even if true, Romero's

3

contentions are insufficient to show a violation of equal protection. *United States v. Frazier*, 981 F.2d 92, 95 (3d Cir. 1992) (noting that "even conscious awareness" that the law will have a racially disparate impact does not invalidate law, so long as "that awareness played no causal role" in the passage of the law). Moreover, Romero makes no attempt to show that it was irrational to determine that methamphetamine of a higher purity was a more serious threat to society than a less potent mixture. Accordingly, this claim is without merit.

## II.

Next, Romero asserts that the district court erred in accepting his plea without a sufficient factual basis as to the methamphetamine type (ice vs. a mixture) and quantity. This claim is not barred by his waiver. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). As such, this narrow issue will be addressed on the merits.

"A stipulated recitation of facts alone is sufficient to support a plea." *Id.* at 365. In his plea agreement, Romero stipulated to well over 50 grams of actual methamphetamine. Romero's assertion that, because he was incarcerated at the time of the crimes, he was incapable of knowing the purity of the methamphetamine involved is irrelevant. In his plea agreement, Romero agreed that witnesses' testimony would prove that the crime involved at least 50 grams of actual methamphetamine. Notably, he does not dispute this on appeal

4

and, instead, admits that the Government already proved nearly 300 grams of ice methamphetamine at sentencing. As such, his claim is frivolous.[*]

## III.

Finally, Romero asserts that his attorney was ineffective for failing to object to the presentence report and to seek relief from the stipulations in the plea agreement regarding his drug type and quantity. The Government concedes that this claim is not barred by his appellate waiver. However, claims of ineffective assistance are cognizable on direct appeal "only where the record conclusively establishes ineffective assistance." *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). A defendant should instead generally raise ineffectiveness claims in a 28 U.S.C. § 2255 (2018) motion, to permit sufficient development of the record. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003). We find that Romero's ineffectiveness claim is not cognizable on direct appeal, as the record here does not establish, let alone conclusively so, that his counsel's performance was deficient or that Romero was prejudiced as a result.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Romero actually seeks to challenge the drug quantity at sentencing, but he frames his claim as one attacking the factual basis (presumably to avoid the appellate waiver). We note that Romero's attacks on his drug quantity at sentencing were waived in his plea agreement.

5